# Stafford *v.* Sibley.

*Action on Common Counts for Work and Labor.*

1. *Contract of employment; percentage of profits; how payment should be made.*—Where a contract of employment provides that the employé shall be paid a certain percentage of the net profits of the business, to be ascertained and paid monthly, and the business is carried on for more than a month without the payment of the employé, in the ascertainment of the amount due the employé, a settlement should be made upon the basis of separate monthly accountings, and he is entitled to the several sums ascertained to be due him upon the several accountings, with interest respectively, from the respective dates of the several rests.

2. *Partnership; when shown to exist.*—Where a timber broker and his regularly employed inspector, who, by contract was to receive 40 per cent. of the profits derived from inspection charges, interest on money advanced and commissions on same, enters into an agreement to engage in timber speculation, by the terms of which the inspector was to receive 40 per cent. of the profits arising from inspection charges, interest on money advanced and commissions on same, and speculations in timber, and bear 40 per cent. of the losses, and the broker was to receive 60 per cent. of the profits and bear 60 per cent. of the losses, such later contract creates a partnership between the parties, and the former relation of employer and employé is converted into one of partnership.

3. *Modification of contract of employment by subsequent oral agreement creating partnership; maintenance of suit thereon.*—Where a suit is brought in assumpsit upon a contract of employment for work and labor done, and it is shown that while the employment was continued, the contract of employment was modified by a subsequent oral agreement creating a partnership between the parties, the transactions arising between the parties after the creation of the partnership can not be considered, and the plaintiff is entitled to recover in such action only for the amount due up to the time of the formation of the partnership.

4. *Action on common counts; evidence as to independent agreement inadmissible in the absence of the plea of set off.*—In an action on the common counts for work and labor done under a contract of employment, evidence of plaintiff's liability to defendant on a distinct, independent

[Stafford v. Sibley.]

agreement, alleged to have been made subsequent to the contract of employment, is not admissible in the absence of a plea of set-off, based upon the amount due upon such independent agreement; and a plea setting up the fact of over payment of plaintiff's present demand under said independent agreement does not authorize the admission of such evidence.

APPEAL from the City Court of Mobile.

Tried before the Hon. O. J. SEMMES.

This was an action brought by the appellant, B. L. Stafford, against the appellee, Origen Sibley, for work and labor done.

The defendant pleaded three pleas. 1st. The general issue. 2d. Payment; and third, a plea, which was as follows: "3rd. As a further defense, defendant saith that at the time said action was commenced and at the time of the filing of this plea, the plaintiff was, and now is, indebted to him in the sum of $871.14 for money overpaid plaintiff and paid him by mistake, which amount he hereby offers to set off against the demand of the plaintiff, and the defendant claims judgment for the excess."

The cause was tried upon issue joined upon these pleas. The facts in reference to the making of the contract between the plaintiff and the defendant are the same as disclosed on the former appeal, and reported in 106 Ala. 189. Under the opinion on the present appeal, the facts are sufficiently stated to understand the decision, and a detailed statement is deemed unnecessary.

There was judgment for the defendant. The plaintiff appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

GREGORY L. & H. T. SMITH, and D. B. COBBS, for appellants.—1. The amount due by the plaintiff to the defendant under the contract involved in this suit could not be set off in this suit against the amount due to the plaintiff under the former contract; first, because the pleadings do not justify it, the plea of set-off being for money paid by mistake and not for the amount due the defendant under a distinct contract; and secondly, because if such an agreement was made the parties thereby became partners in that matter, and the balance due between them can not be ascertained or enforced in a

[Stafford v. Sibley.]

court of law.—*Broda v. Greenwald*, 66 Ala. 542; *Morrow v. Riley*, 15 Ala. 710; 2 Brick. Dig. 309, §§ 138, 143.

2. If on the other hand the defendant's contention be correct, the parties became partners by the verbal agreement, and the defendant was not entitled to any credits for losses sustained prior to the verbal agreement. This has been settled, in *Stafford v. Sibley*, 106 Ala. 189. If the testimony of the defendant be true, the parties were partners in all transactions subsequent to the verbal agreement, and a court of law could not settle the accounts between them for that time.—*Broda v. Greenwald*, 66 Ala. 542; 2 Brick. Dig., 309, §§ 138, 143.

GUY C. SIBLEY and L. H. FAITH, *contra.*—The evidence in this case shows that there was a partnership existing between the plaintiff and the defendant; and, therefore the court of equity is the one forum to settle the account between the parties.—*Pulliam v. Schimpf*, 109 Ala. 179.

HEAD, J.—On October 24, 1892, the appellee (defendant below) being engaged in the business of timber and log broker, in Mobile, Ala., by agreement, in writing, employed the appellant (plaintiff below) to serve as timber inspector, in said business, for a period of one year, at a compensation of one dollar, per month, "and in addition thereto a sum of money equal to forty *per cent* of the net amount which may be realized and collected from inspection charges, interest on money advanced and commissions on same." It was stipulated that plaintiff was not to be liable for any losses beyond his profits as stipulated. On a former appeal in the cause (106 Ala. 189), we construed the contract to be one of employment in which the defendant agreed to pay the plaintiff for his services a monthly salary, of one dollar, and forty *per cent* of the net profits, to be ascertained and paid monthly. We also held that plaintiff's percentages were not to be diminished by reason of losses sustained by the defendant or money loaned or advanced by him in the business, except to the extent of his percentage upon the interest and commissions accruing thereon. Those losses, if any, so far as the written contract, unmodified by any subsequent agreement, is concerned, were of the defendant's own creation, and

cannot be charged against the plaintiff's stipulated compensation.

This seems to render the rights of the parties plain enough, under the contract, as written. There should have been a settlement and ascertainment of the net profits on the sources of earnings specified in the contract, each month, and the plaintiff's forty *per cent* thereof, if any, paid to him. If this was not done until the relations of the parties, as defined by the contract, terminated from any cause, the business having been carried on, with the plaintiff's employment, for more than a month, a settlement then or thereafter made, or now to be made, should have been, or should be, upon the basis of separate monthly accountings, producing the same effect as if a settlement had been actually made at the end of each month during the employment; and the plaintiff would be entitled to the several sums ascertained to be due him, upon the several accountings, with interest, respectively, thereon from the respective dates of the several rests.

But, it is said there was a subsequent oral modification of, or addition to, the written contract, presenting other questions of importance to the rights of the parties. Plaintiff and defendant differ as to the terms of the oral agreement. Plaintiff's version of it, in short and in substance, is, that a little while after he and defendant had been together, on his, plaintiff's, suggestion that they could make some money in "speculating in, and selling timber," defendant agreed to enter into such speculations, upon the same terms as to plaintiff's compensation, as agreed upon in the written contract in reference to the other sources of profit. If this be the true version, it is of no importance on this appeal, for its effect was simply to add another feature to defendant's business, and another possible source of profit from which plaintiff might derive compensation, and the record raises no question touching the rights of the parties in respect of any profits made on any speculations had under the agreement. Neither party claims anything against the other growing out of any speculation in timber which is the subject of any assignment of error. The defendant's version, however, presents a material question, His version is, that after the written contract of October was entered upon, an agreement

was made for timber speculations, which was that he was to furnish all moneys necessary to buy logs and timber outside, and plaintiff was to receive forty *per cent.* of the profits and bear forty *per cent* of the losses, and "defendant was to receive sixty per cent *pro* and *con*;" * * * "that the sources from which the forty and sixty *per cent* were to be divided was from inspections, commissions and interest and speculation account." If this be true, we observe, that the relations of the parties were entirely changed. The existing relation of employer and employé was converted into one of partnership, and, in this action, the court could take cognizance of no transaction in the conduct of the business, occurring subsequently to the change. The adjustment of the rights of the parties growing out of the relation of employer and employè (which is the object of this suit) would have to be made as of the time of the change, leaving the subsequent partnership dealings to be settled by the parties, or in a proper forum. What was the real agreement was, of course, for the jury, in respect of which they should have been, and were, instructed by the court. If the jury should find the plaintiff's version to be the true one, he should be given the benefit of his forty *per cent.* of the net profits down to the time their business relations terminated; if they find the defendant's version to be true, they should give the plaintiff the benefit of his forty *per cent.* on all net profits earned down to the time the partnership was formed, excluding all transactions thereafter occurring.

The defendant takes another step, and this is the principal matter of controversy in this cause. Prior to the contract of October 24, 1892, the defendant had made advances to one Clanahan, who was then indebted on account thereof, in a large sum. Advances were made to him after the plaintiff's employment. Losses on these advances proved to be heavy, and defendant now seeks to charge these losses against the net profits upon which plaintiff was entitled to compute his compensation, thus absorbing his entire compensation; and, it seems, that it was in this way that plaintiff failed to obtain a verdict, when, upon the admitted profits earned, he was otherwise entitled to recover a considerable sum. We have seen, that, on the former appeal, we declared that, under the contract, the plaintiff could not be charged with such

[Stafford v. Sibley.]

losses. But, on the trial now appealed from, the defendant testified that by a subsequent oral agreement the plaintiff, to induce defendant to continue making advances to Clanahan, agreed with defendant, that he would share forty *per cent.* and the defendant sixty *per cent.* of the profits and losses on the dealings with Clanahan; and thus he insists that plaintiff is liable to account for forty *per cent.* of these losses.

There are two answers to the demand: 1. Conceding the agreement to have been made as testified to by the defendant, it shows a partnership between the parties, in respect to the business with Clanahan, the settlement of which a court of law will not take jurisdiction of; and 2. Waiving that consideration, the agreement shows itself to have been a special and independent arrangement with different terms from those of the existing arrangement, and forming no part of the arrangement, and there is no plea proposing to set off the loss sustained. The third plea does not do so. It is really a plea of over-payment of the plaintiff's demand sued for, claiming a judgment over for the excess of the payment. We need not now decide whether there could legally be a recovery over, on such a plea, nor whether or not it would stand the test of demurrer.

A proper method of stating the monthly accountings between the parties would be to ascertain the aggregate gross profits for the month, upon the specified sources of profit, then ascertain the aggregate expenses for the month, legitimately incurred in producing the said profits (not losses incurred on bad loans and investments) and the difference, if in favor of a net earning for that month, would be the basis of computation of plaintiff's compensation; and the amounts so ascertained to be owing plaintiff on the several monthly accountings, with interest on them, respectively, would, in the aggregate, be the amount of plaintiff's recovery.

The rulings of the court below were, in some material respects, in line, but in others were materially inconsistent with, the principles we have endeavored to lay down. In no aspect of the case, as presented, can the Clanahan dealings be brought into this case. The defendant's version of the agreement concerning it, denies him any right, in this action, growing out of it. The admission of evidence, and the instructions which were

inconsistent with our views herein expressed, in reference to the claim, were erroneous. We think what we have said will furnish a sufficient guide on another trial.

Reversed and remanded.