(81 South. 688)

BROTHERS v. HOPPER.    (7 Div. 555.)

(Court of Appeals of Alabama.    May 6, 1919.)

PLEADING  ⊝139— SET-OFF — INDEPENDENT TRANSACTION—NECESSITY OF PLEA.

In a farm hand's action against his employer for services rendered, in the absence of a plea of set-off, the court properly refused to submit to defendant's claim against plaintiff for care given by defendant to plaintiff's sick brother at plaintiff's request; defendant's claim being a distinct and independent transaction, unrelated to the employment contract.

Appeal from Circuit Court, Etowah County; O. A. Steele, Judge.

Action by J. A. Hopper against Israel Brothers. Judgment for plaintiff, and defendant appeals. Affirmed.

W. J. Boykin, of Gadsden, for appellant. Culli & Martin, of Gadsden, for appellee.

BRICKEN, J. Plaintiff (appellee) brought suit against the defendant in this case upon the common counts. The defendant pleaded the general issue and payment. The cause was tried upon these issues, and a verdict was returned for plaintiff. There is but one assignment of error that is insisted upon, and that relates to a part of the court's oral charge to the jury.

The plaintiff entered the service of the defendant as a farm hand, in the absence of an express agreement as to compensation, which, of course, imposed upon the defendant the duty of paying plaintiff what his services were reasonably worth. While employed by the defendant, plaintiff requested the defendant to receive at his house and take care of a sick brother of the plaintiff. This request was complied with and the testimony shows that the board, care, and attention given by defendant to the plaintiff's brother was reasonably worth $25. The only question in this case is whether the court erred in not permitting the jury, under the issues raised here, to allow the defendant a credit for this amount. The pleas, it will be observed, were the general issue, and payment. There was no plea of set-off.

It is clear from the evidence that this claim for the care of plaintiff's brother,

which defendant attempted to interpose by way of reducing the amount of his indebtedness to plaintiff, was a distinct and independent transaction, unrelated in any way to the contract of employment upon which the complaint was based. Such being the case, this claim was outside the issues raised by the pleadings. To have this claim submitted to the jury for its consideration, a plea of set-off was necessary. Code 1907, § 5331; Slaughter v. Swift, 67 Ala. 494; Stafford v. Sibley, 113 Ala. 447, 21 South. 459.

There appears no error in the record, and the judgment of the lower court is affirmed.

Affirmed.