[The City of Greenville v. Greenville Water Works Co.]

|125  625
|f141  656
'141  658

# The City of Greenville v. Greenville Water Works Co.

*Action by Water Company against City for Rent of Hydrants.*

1. *Municipal corporation; right of city to contract for water supply.*—Where the charter of a city grants it the right to enact such laws and regulations as they deem necessary in relation to streets and highways, and other matters or things which they may think indispensable for the welfare and good of the city, the city council of such municipality has power under its charter to contract for a supply of water for the extinguishment of fires and other ordinary public uses.

2. *Contract; when containing several promises not necessary for the performance of all to recover for breach of one.*—Where a contract contains a number of different promises which are separate and distinct, the fact that one of the promises, which was separable from the others, was invalid and unenforceable, does not prevent recovery for the breach of other promises contained in said contract.

3. *Pleading and practice; sufficiency of plea in an action by water company against a city to recover for use of hydrants.*—In an action by a water company against a municipality to recover for the use of hydrants as stipulated in a contract, where the sum agreed to be paid by the city was not for the construction of the water works, but it was expressly stated to be for the rental of hydrants after their construction, pleas which, without denying the use of the hydrants as averred in the complaint, attempt to set up a mere non-compliance with the specifications of the ordinance contract for the construction of the water works in absolute bar of all recovery, are insufficient and subject to demurrer.

4. *Action against a municipal corporation for water supplied for fire purposes; contract ultra vires.*—Where a municipal corporation, having power under its charter to contract for a supply of water to be used in the extinguishment of fires, contracts for the payment of the rental of fire plugs or hydrants, an action lies against such municipality to recover the agreed

40

[The City of Greenville v. Greenville Water Works Co.]

price of the rent of the hydrants so supplied and used in any one year or part of a year, without regard to the power of the corporate authorities to enter into a valid contract for water for a long term of years, or without regard to whether or not a part of the ordinance contract was otherwise *ultra vires.*

5. *Pleading and practice; sufficiency of pleas.*—Where a complaint contains several counts, pleas which were interposed to the complaint as a whole, but are bad and insufficient as to some of the counts, are bad as to all and subject to demurrer.

6. *Same; same.*—Pleas denying the execution of a contract sued on, are insufficient unless sworn to as required by the statute.

7. *Action against municipal corporation to recover for rent of hydrants; foreign corporations.*—In an action by a water company against a municipal corporation to recover an amount claimed as due for rent of hydrants under an ordinance contract, where the ordinance shows that though the right to construct water works was given to a manufacturing company, which was a non-resident corporation, the grant was in promotion of the plaintiff water company to be thereafter organized, and the obligation to pay for the hydrants was expressly made to said water company, upon the organization of said water company in pursuance of the provision of said contract, the promise to pay for the hydrants enured to it directly; and, therefore, the real transaction, so far as the pending suit is concerned, did not involve the doing of business by said manufacturing company, and whether that corporation complied with the requirements made by law of foreign corporations doing business in this State was immaterial; the contract sued on being with the plaintiff water company and not with the manufacturing company.

8. *Corporation; estoppel.*—Where a party deals with a company as a corporation, and a contract is entered into with it as a corporation, he is estopped to deny its corporate character.

9. *Statute of frauds; no defense to action on executed contract.*—To an action brought on a contract which is executed and not executory merely, a plea of the statute of frauds presents no defense.

10. *Same; ·ordinance of city sufficient writing to satisfy statute.* It is competent for a municipal corporation to make a contract by the adoption of an ordinance embodying its terms provided such terms are accepted by the other party to the contract; and in such instance the ordinance in itself is a sufficient writing to satisfy the statute of frauds.

11. *Municipal corporation; proof of proceedings of council.*—The

[The City of Greenville v. Greenville Water Works Co.]

book containing the minutes of the meeting of the council of a municipal corporation is the best and only evidence to prove the proceedings of such council; and it is incompetent to prove by parol testimony that verbal instructions were given by members of the said council to other officers of the city.

12. *Pleading and practice; evidence of damages admissible under plea of general issue and payment.*—Where a water company contracts with a municipal corporation to supply it, through fire plugs or hydrants, with enough water for use in the extinguishment of fire, and the municipality agrees to pay said company a specified price semi-annually for each hydrant, in an action by said water company to recover the price agreed to be paid for the rent of said hydrants, where the cause is tried upon pleas presenting the general issue and payment, evidence offered by the defendant to show the manner in which the water works were constructed, and a failure on the part of the plaintiff to carry out its contract for the construction of the water works system, is irrelevant and inadmissible.

12. *Same; when performance on part of plaintiff not necessary to recover payment.*—In such an action, where by the contract the rental for the hydrants is payable in advance the plaintiff's performance of its part of the contract for the time for which the rent is to be paid is not a condition precedent to the recovery of the amount due at the time fixed by the contract.

APPEAL from the Circuit Court of Butler.

Tried before the Hon. JOHN R. TYSON.

This action was brought by the appellee, the Greenville Water Works Company, against the City of Greenville, the appellant, and was instituted on July 20th, 1897.

The complaint contained thirty counts. Counts numbered from 1 to 6 of the complaint each claimed $2,000 due on account on January 1st and July 1st, respectively, of each of the years 1895 to 1896. Counts 7 to 12 claim a like amount due upon counts stated upon the same dates, respectively. Counts 13 to 18 claimed the same amount for goods sold, and counts 19 to 24 claim the same amount for work and labor done. Count 25 claims $12,000 due by account on July 1st, 1897, and count 26 claims a like amount upon an account stated on July 27. Count 27 claims $12,000 due for goods sold during the years 1895 to 1897. Count 28 claims a like amount due for work and labor done during these years.

Count 29 claims $12,000 of defendant for that by a special contract plaintiff agreed to furnish defendant water for fire plugs or hydrants, for which defendant was to pay semi-annually, for 35 such plugs, $875, and for each fire plug in excess the sum of $40 annually; and plaintiff alleged that it furnished to defendant water during the years from 1895 to 1897 for sixty fire plugs. Count 30 claims a like amount for that on June 9, 1890, defendant, through its city council, adopted an ordinance or contract whereby it is proveded that the American Pipe Manufacturing Company should procure the organization of a water works company to supply water for the city of Greenville, by which ordinance it was provided that it should be binding upon the defendant. the American Pipe Manufacturing Company, and the water works company so organized; and plaintiff alleges that the pipe company procured the organization of the plaintiff company and duly assigned, transferred and set over to the plaintiff company all its right, title and interest to said ordinance contract; plaintiff further alleges that by the said contract it was provided that in consideration of plaintiff's furnishing water for fire purposes, the city would pay for thirty-five plugs $1,750 annually in semi-annual payments, and $40 per annum in excess of the thirty-five, and that it had complied with the contract during the years 1895, 1896 and 1897, by furnishing water for sixty fire plugs, in all things in accordance with the contract.

To the complaint thus filed the defendant, "for answer to said complaint and separately to each count thereof," originally filed 11 pleas. Subsequently the defendant amended its pleas by filing additional pleas numbered 12 to 20 inclusive. These pleas were in substance as follows: the pleas being designated by their respective numbers:

1. The general issue. 2. Payment. 3. Statute of frauds, because the contract sued on was not to be performed within one year. 4. This plea alleges that the contract was void in that under its charter, neither the city of Greenville nor its city council had power or

authority to make and enter into the contract which was the foundation of this suit.

5. The alleged contract sued on was not made by the plaintiff with the defendant, but the American Pipe Manufacturing Company, a corporation oragnized under the laws of New Jersey, entered into said contract, and said American Pipe Manufacturing Company was without authority to make said contract.

The 6th and 7th pleas aver that the defendant was without authority to enter into a contract for the American Pipe Manufacturing Company.

The 8th and 9th pleas aver that at the time of making said contract said manufacturing company was a foreign corporation and did not have a known place of business in this State and a resident agent thereat.

10. This plea, after averring the making of the contract sued on with the American Pipe Manufacturing Company, averred that said manufacturing company failed to perform its part of the said contract.

11. This plea is verified by affidavit and avers that the plaintiff is not a corporation as alleged in said complaint.

12. In this plea the defendant set out the ordinance adopted by the city council of Greenville, which constitutes the contract sued on. This ordinance contained 12 sections. By the first section the City of Greenville granted "to the American Pipe Manufacturing Company, or their assigns, who are to procure the organization of a company to be styled 'The Greenville Water Works Company,' the exclusive right and privilege of contracting, maintaining and operating a system of water works for the purpose of supplying said city and its inhabitants with water for protection against fire, and for domestic, sanitary and other useful purposes." In the second section, the ordinance granted to the company the right to construct, operate and maintain a system of water works through each street. The third section related to the specifications as to the time of beginning the work and to the system of water works to be built and maintained. The fourth section was in words and figures as follows: "Section IV. That the City of Green-

ville, in consideration of the said company's guaranteeing to it for a period of twenty-five years and as long thereafter in periods of ten years each, until said city shall purchase said water works, as hereinafter provided, a free and unrestricted use of its water in case of fire, and for protection against conflagrations, and agreeing to establish at convenient places along the line of its pipe fire plugs of approved pattern and not to exceed thirty-five in all hereby obligates itself to pay to the said water works company the sum of seventeen hundred and fifty dollars annually for twenty-five years in semi-annual payments of $875 each, and for additional periods of ten years each, at same price, if said waterworks had not been purchased by the city, and in case said city shall not have sufficient funds at the time said payments are due, warrants shall be issued on the city treasurer in favor of said company for the amount due, payments to commence on the first day of the month succeeding the completion of the work." Section 5 provided for the extension of the water mains from time to time as the increasing demand required. Section 6 was as follows: "Section VI. The City of Greenville shall pay to the said water works company the sum of ($40) forty dollars per annum for each additional fire hydrant required by them, in excess of the 35 hydrants provided for in Section IV." The remaining sections of this ordinance related to the regulation of the supply of water and other provisions incident to the establishment of waterworks. The 12th plea then averred that under said ordinance contract it was the duty of the plaintiff to build a water tower at a sufficient elevation "to allow one good fire stream through 200 feet of hose and one-inch nozzle to be projected at least 40 feet vertically from any plug located upon the main street," and the defendant avers that the plaintiff did not build or maintain such a tower.

The 13th plea averred that the ordinance was void because said city council of Greenville was without the power or authority to pass such ordinance conferring the rights thereby attempted to be granted.

[The City of Greenville v. Greenville Water Works Co.]

The 14th, 15th and 16th pleas were substantially the same as the 12th, averring in different ways the failure of the plaintiff to comply with the requirements of the ordinance, so far as the supply of water was concerned for fire purposes.

The 17th and 18th and 19th pleas were substantially the same as the 13th.

The 20th plea was substantially the same as the 12th, averring that the plaintiff failed to supply the defendant and its inhabitants with water useful as a protection against fire, and the water sued for was valueless to this defendant for the purposes of protection for which the defendant had agreed to pay therefor.

To the 3d plea the plaintiff demurred upon the ground that the contract sued on was not such a contract as was required by the statute of frauds to be in writing. 2d. That it appears that the contract sued on was, at the time of the institution of the suit, executed and not merely executory.

To the 4th plea the plaintiff demurred upon the ground that it appears by the complaint, and is not denied by said plea, that the defendant is a municipal corporation and as such corporation has implied power to make contracts such as the one sued on. 2d. The contract sued on provided for what was necessary for the welfare of the inhabitants of the defendant, and does not deny in the plea that the defendant has received and used the water, the price of which is sued for.

To the eighth plea the plaintiff demurred upon the following grounds: 1st. The defendant cannot set up in this suit the failure of the American Pipe Manufacturing Company to conform to the constitutional and statutory requirements of foreign corporations doing business in this State. 2d. It does not appear that the American Pipe Manufacturing Company did business in this State. 3d. It appears from the complaint and said plea that the contract sued on was executed and not merly executory.

To the 10th plea the plaintiff demurred upon the following grounds: 1st. That the plea purports to answer the whole complaint, but it is not alleged or shown that

the defendant received or used any of the water, the price or value of which is sued for. 2d. It is not shown by said plea wherein any condition precedent to the contract was violated.

To the 11th plea the plaintiff demurred upon the grounds: 1st. That the plaintiff was estopped from setting up the defense that the plaintiff was not a corporation. 2d. The contract was executed and not executory.

To the 12th, 13th, 14th, 15th, 16th, 17th, 18th, 19th and 20th pleas the plaintiff demurred upon the following grounds: 1st. That said pleas constitute no answer to all of the counts of the complaint. 2d. That it was averred in the complaint and not denied by said pleas that the plaintiff furnished and the defendant received and used the water so furnished during each of the periods for which the suit was brought; and the fact, if it be a fact, that the plaintiff failed to place a tower of sufficient elevation to throw a stream as specified in the contract, is not an answer to this complaint. 3d. That it is shown that the contract, so far as the present plaintiff is concerned, has been fully executed and said pleas contain no averment in avoidance of any matter in the executed contract.

To the 12th, 14th, 15th, 16th and 20th pleas, the plaintiff demurred specially upon the grounds that the matters set up in said pleas do not constitute a bar to the plaintiff to maintain said suit; and that it is not shown by said plea that the defendant used water from the plugs located by the plaintiff.

The plaintiff separately moved to strike out the 5th, 6th, 7th and 9th pleas, upon the ground that the same were not sworn to.

The plaintiff's demurrers to pleas numbered 3, 4, 8, 10 and 11 were sustained. Pleas 5, 6, 7, and 9 were stricken out on motion of the plaintiff. Plaintiff's demurrers to pleas numbered 12 to 20, inclusive, were sustained.

Upon the trial of the case upon issues joined upon the 1st and 2d pleas, the plaintiff introduced in evidence the pages of the minutes of the city council of Greenville, containing the ordinance contract, the

substance of which is set out above as a part of the 12th plea. The defendant objected to the introduction in evidence of these pages, upon the ground that the ordinance was void and conferred no such rights against the defendant as were attempted to be granted therein, and that the same was illegal as evidence in the case. The court overruled the objection and the defendant duly excepted.

The plaintiff then introduced in the evidence the minutes of the city council of Greenville, relating to the rights conferred by said ordinance in the establishment of the water works and their acceptance of them when completed by the city council of Greenville, as being "satisfactory in every respect." To each of the separate portions of said evidence the defendant separately objected, upon the grounds substantially as stated above, and separately excepted to the court's overruling each of the objections. The plaintiff also proved that it was duly incorporated and that the American Pipe Manufacturing Company duly and regularly transferred and assigned to it all the right, title, property, claim and interest of said manufacturing company in and to the rights, liberties and privileges conferred by the ordinance contract.

The evidence for the plaintiff showed that it had put in the fire plugs originally provided for in the ordinance contract and had put in enough additional plugs to make the number in all sixty-six. It was also shown by the evidence for the plaintiff that the defendant, from the time of the completion of the water works plant, had paid the installments due under the ordinance contract, up to the time specified in the complaint; that said installments were made payable in advance for each six months and had been regularly paid up to the year 1895.

There was evidence for the defendant tending to show that the supply of water by the plaintiff company was wholly insufficient to afford protection from fires and that the plaintiff did not comply with the ordinance contract under which the waterworks were constructed. There was also evidence introduced for the defendant

tending to show that the fire company had been in-
structed not to use the water, but in rebuttal it was
shown that notwithstanding such instruction, plugs lo-
cated and supplied by plaintiff were used whenever
fires occurred and when the necessity for the use of such
plugs arose. .

The plaintiff introduced in evidence a statement of
the account between it and the defendant showing the
amount due it from the defendant.

During the examination of the clerk of the city coun-
cil of Greenville, he testified that the city council in-
structed the marshal of the city to notify the fire de-
partment to discontinue the use of the water; that the
proceedings of the city council were kept in written
minutes; and that no instruction to the marshal was put
down on the minutes or by any written resolution.
Thereupon the plaintiff objected to the witness testify-
ing as to the instruction given the marshal of Greenville
by the city council and moved to exclude it from the
jury. The court sustained the objection and excluded
the evidence objected to, and to this ruling the defendant
duly excepted.

The defendant then offered to prove by this same wit-
ness that the city council and the mayor of the city
of Greenville, after a full discussion of the matter,
agreed that the marshal should be instructed, and he
was instructed, to notify the fire department of the city
not to use any more water, and that the marshal un-
der such instruction had notified the department not to
use the water. The plaintiff objected to this testimony
and moved to exclude it, on the ground that such instruc-
tions did not appear on the minutes of the city council
and were verbal. The court sustained the objection, ex-
cluded the evidence, and to this ruling the defendant
duly excepted.

Thereupon the defendant offered to show by this wit-
ness that the marshal of the town of Greenville notified
the department not to use the hydrants or water there-
from, and that he gave such notification or verbal in-
struction from the city council while the city council
was in session. The plaintiff objected to the introduc-

tion of this evidence, upon the same ground as above stated. The court sustained the objection and the defendant duly excepted.

The defendant offered to prove that the supply of water as furnished by the plaintiff to the hydrants or fire plugs was not such as was required by the ordinance contract. The court sustained the plaintiff's objection to this evidence and the defendant duly excepted.

Upon the introduction of J. R. Porterfield he testified that from January, 1890, on until the institution of the present suit, he was the marshal of the city of Greenville. The defendant asked said witness whether or not he was ever instructed by the mayor and council of Greenville that the city should discontinue the use of the water from the water works. The plaintiff objected to this evidence, the court sustained the objection and the defendant duly excepted. The witness was then asked whether or not he was directed to so notify the fire company. In answer to this question he testified that he was notified by the city council at the regular meeting when the mayor was present. The plaintiff objected to such question and the answer thereto, on the ground that such instruction could be shown alone by the minutes of the city council, and moved to exclude the answer of the witness. The court sustained the objection and excluded the testimony, and to this ruling the defendant duly excepted. The defendant then asked the witness if he instructed the fire company not to use the water. The plaintiff objected to this question upon the ground that it was not shown that the action of the city council was put upon the minutes. The court sustained the objection and the defendant duly excepted.

The defendant stated that it proposed to show a discontinuance of the use of the water by the city council and mayor directing the city marshal in open session to forbid in the name of the city council and mayor the further use of the water by the fire department, such instructions not having been in writing on the minutes of the city council. The plaintiff objected because such instructions were not in writing on the minutes, and the court sustained such objection, and the defend-

ant duly and legally excepted to this action of the court. The other facts of the case are sufficiently stated in the opinion.

The court at the request of the plaintiff instructed the jury as follows: "If the jury believe the evidence in this case, they will find for the plaintiff." The defendant duly excepted to the giving of this charge, and also separately excepted to the court's refusal to give each of the following written charges requested by it: (1.) "The court instructs the jury that the plaintiff can not recover any sum of the defendant in this suit for water supplied it, or service rendered it by the plaintiff since the commencement of this suit." (2.) "The court instructs the jury that the plaintiff can not recover of the defendant any sum on the contract between the plaintiff and the defendant dated June, 1890, since the commencement of this suit." (3.) "The court instructs the jury that the plaintiff can not recover under the 30th count of the complaint anything that has accrued since the commencement of this suit." (4.) "The court instructs the jury that the plaintiff can not recover in this suit anything that has accrued since the commencement of this suit. (5.) "The court instructs the jury that the defendant is not liable in this suit under the contract mentioned in the 30th count of the complaint for any water supplied, or for any service rendered to it by the plaintiff since the commencement of this suit." (6.) "The court instructs the jury that the plaintiff can not recover of the defendant the instalment claimed in the complaint from July 1st, 1897." (7.) "That if the jury believe the evidence in this cause, they will find for the defendant."

There were verdict and judgment for the plaintiff, assessing its damages at $8,084. In this assessment of damages there was included the instalment which was due on July 1st, 1897. The defendant appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

C. E. HAMILTON and LANE & CRENSHAW, for appellant.

[The City of Greenville v. Greenville Water Works Co.]

WATTS, TROY & CAFFEY, *contra*.—"It is an established rule that all pleadings must be construed most strongly against the pleader, who is presumed most favorable for himself to state the cause of complaint or matter of defense; and, as a consequence, when the pleadings admit fairly of two constructions, the one least beneficial to him will be adopted."—*City Council v. Hughes,* 65 Ala. 201. See also *Lovell v. DeBardelaben,* 90 Ala. 13.

The 5th, 6th, 7th and 9th pleas are plainly pleas of *non est factum.* Certainly when construed most strongly against the pleader they are such, and, therefore, must be sworn to.—Code, § 3296, and cases cited thereunder. The motion to strike these pleas was, therefore, properly allowed.

The first plea is the general issue, and the second, payment. The original and amended pleas, are aimed at the whole complaint, and at each count; and, therefore, each of them is bad, which is not good plea to every count.—*L. & N. v. Morgan,* 22 So. Rep. 20; *First Nat. Bank v. Bank,* 22 So. Rep. 980.

The third plea sets up the statute of frauds because the contract was one not to be performed within one year. In the first place, the contract was executed, and it was, therefore, immaterial whether it was in writing.—3 Brickell Dig. 514, § 100. In the next place, it appears by the complaint that the contract was made by a municipal corporation which entered into it by the adoption of an ordinance embodying the terms of the agreement.—1 Dillon on Municipal Corporations, § 449.

The courts take judicial notice of the charters of cities within the State.—3 Brickell Dig. 663, § 11.

There can be no doubt that the city of Greenville had power to enter into the contract sued upon under the provision of the charter of 1871, and further, that, even if there was doubt under the act of 1871, since the act of 1891, the contract of June 6, 1890, has been ratified and confirmed. If there were any doubt upon the matter as an original question, however, it is settled by the authorities in this State that every city has such power. *Intendent of Livingston v. Pippin,* 31 Ala. 542; *Mont-*

*gomery Water Works v. City Council,* 77 Ala. 248; s. c. 79 Ala. 233; *Brush Co. v. City Council,* 114 Ala. 433. Furthermore, the contract is fully and completely executed. The city has received and used the water, and it would be an unjust and inequitable rule for it to be liable for nothing.—*City Council v. Montgomery Water Works Co.,* 79 Ala. 233; *Long v. Georgia Pacific R. R.,* 91 Ala. 519; *Kahn v. Peter,* 104 Ala. 531.

The 8th plea sets up that the Pipe Company was a foreign corporation, and had not complied with the constitutional and statutory requirements for foreign corporations before it could do business in this State. As the contract is executed and there remains nothing on the part of the defendant but to pay the money, this plea is not available even though the transaction were regarded as a doing of business in the State.—*Russell v. Jones,* 101 Ala. 263; *Gamble v. Caldwell,* 98 Ala. 579; *Sherwood v. Alvis,* 83 Ala. 117.

The 11th plea is *nul tiel* corporation. Such a plea must be verified by affidavit, and we doubt if an affidavit to the best of the knowledge and information of the mayor of the city is sufficient.—*Smith v. Hiles-Carver Co.,* 107 Ala. 272; *Burgess v. Martin,* 111 Ala. 656. However, a demurrer was sustained to the plea on the grounds that defendant was estopped and that the contract was executed. Defendant cannot raise such question in this proceeding.—*Lehman v. Warner,* 61 Ala. 455, 464-65; *Bibb v. Hall,* 101 Ala. 96, and cases cited; *Sherwood v. Alvis,* 83 Ala. 118; 3 Brickell Dig. 449, § 55.

The 10th, 12th, 14th, 15th, 16th and 20th pleas set up the failure of the plaintiff to construct its water works in accordance with the terms of the contract of June 6, 1890, in varying forms. The pleas are all in confession and avoidance, and purport, as we pointed out above, to answer every count in the complaint. They all confess that the contract has been executed, and those which allege a notice to the water works company fail to show any rescission of the contract. Mere notice is insufficient, because it would require a meeting of minds

in order to effect a release of the defendant from its obligation to pay the contract price. It does not appear that the location of a tower or doing of any of the other acts which defendant complains of plaintiff's not doing was a condition precedent to payment by defendant. In such case, if plaintiff had substantially performed, it will be entitled to recover the contract price less a sum which would fairly compensate the defendant for any loss it may have sustained.—*Electric Light Co. v. Elder*, 115 Ala. 138; *Gazzam v. Kirby*, 8 Porter, 253.

The proper method of proving the transactions of the council of municipal corporations is by its minutes. This is so far true that no oral evidence as to any of its transactions is admissible, even where no minutes were kept.—*Perryman v. City of Greenville*, 51 Ala. 507; *Sykes v. County of Crenshaw*, 113 Ala. 626.

SHARPE, J.—By its charter of March 9th, 1871, the City Council of Greenville was given power to "enact such laws and regulations not contrary to the constitution and laws of this State as they may deem necessary in relation to the streets and highways, public buildings, powder magazines and every matter or thing which they may think indispensable for the good order and welfare of said city."—Acts, 1870-71, p. 128. A supply of water for the extinguishment of fires and other ordinary public uses is one of the necessities of a city and under the general authority so granted the defendant had the power to make a proper contract for such supply.—*Livingston v. Pippin*, 31 Ala. 542; *Grant v. Davenport*, 36 Iowa, 402; *Mayor etc. of Rome v. Cabot*, 28 Ga. 50.

Whether the ordinance embodying the contract giving rise to this suit is *ultra vires* of the city in respect of the exclusive and continuing features of the franchise it purports to grant, need not be here determined. The suit is to recover for the maintenance of a number of water supplied hydrants or fire plugs for the city's use during the period claimed for at an agreed price payable semi-annually and the theory of the complaint is that the stipulation contained in the ordinance respecting those fire plugs is distinct and several from that part of the ordi-

nance which grants the franchise and fixes the terms of the grant.

The same contract may contain a number of different promises wherein the performance of all is not essential to a recovery for the breach of one. This is so generally where the promise broken rests upon an apportionate part of the consideration moving from the promisee unless it appears that the parties intended the performance of the whole as a condition precedent to a recovery upon a part.—2 Parsons on Contr. 677; Clark on Contr., 657; *Fullmer v. Poust,* 115 Penn. St. 224, 35 Am. St. Rep. 881. And part of a separable contract may be invalid because *ultra vires,* yet if it is neither *malum in se* nor *malum prohibitum,* that feature of invalidity does not prevent recovery for performance of the remaining part.—*Ill. Trust & Sav. Bank v. Arkansas City,* 76 Fed .Rep. 271, 34 L. R. A. 518; *East St. Louis v. East St. Louis Gas Light etc. Co.,* 98 Ill. 415, 38 Am. Rep. 97; *Columbus Water Works Co. v. Columbus,* 48 Kan. 99, 15 L. R. A. 354.

Here the sum agreed to be paid by the city is not for the erection of the works but it is expressly stated to be for the rental of hydrants after their construction. It may be that the contract contemplated they would be charged with force upon the water according to the specifications made in another part of the ordinance, and that a deficiency in that respect would have furnished cause for their seasonable rejection; or if they were received and used under circumstances not amounting to a binding acceptance, any damage the city may have sustained by reason of the defect, might under appropriate pleading, have been shown in diminution of the claim for such use. But the several pleas which here, without denying the use of the hydrants averred in the complaint, attempt to set up a mere non-compliance with the specifications, in absolute bar of all recovery, are insufficient for that purpose.—4 Ency. Pl. & Prac. 933.

The act of providing the city with water for fire purposes pertained to the business powers and not to the governmental powers of the city council, and it had authority to bind the city on that account for a reasonable time, if not for the whole period named in the ordinance,

[The City of Greenville v. Greenville.Water Works Co.]

and whatever was done in execution of the contract will be referred to that power.

It was said of a similar question in *City Council of Montgomery v. Montgomery Water Works,* 79 Ala. 233, "in legal effect the result is precisely the same as if the contract had been renewed from month to month and year to year, the plaintiff furnishing water to the defendant at the latter's mere pleasure."

The special pleas from 3 to 11, inclusive, were interposed to the complaint as a whole. They were each bad as to some of the counts and therefore bad as to all. The common counts aver no special contract, and while the last named pleas each refer to a contract—presumably that mentioned in the 29th and 30th counts of the complaint—none of them set it out either in substance or in terms. Applied separately to the common counts, these pleas cannot be understood.

The particular promise to pay for the use of hydrants is averred in the complaint to have been made to the plaintiff and not to its predecessor, the American Pipe Manufacturing Company. Pleas 5, 6, and 7 each deny the execution of such a contract and they are not sworn to as the statute requires.

The ordinance set out in the 12th plea sustains this averment of the complaint since it shows that though the right to construct water works was given to the Manufacturing Company, the grant was in promotion of the Water Company to be thereafter organized, and the obligation to pay for hydrants is expressly made "to the said Water Works Company." When the plaintiff company was organized in pursuance of that provision, the promise then enured to it directly. The plaintiff's acceptance of its terms completed an agreement between the plaintiff and defendant, the partial performanc of which as between them in the subsequent furnishing and use of hydrants is the subject matter of the suit. The real transaction did not involve the doing of business by the American Pipe Manufacturing Company, and whether that company had complied with requirements made by law of foreign corporations, and likewise the question as to the extent of its corporate powers were immaterial

41

matters.   Having dealt with the plaintiff as a corpora-
tion, the defendant is estopped to deny its corporate char-
acter.

The statute of frauds was pleaded to the whole com-
plaint without averring the terms of the contract.   The
statute applies only to express contracts and does not
include promises implied by law like that supporting
the count for money had and received and which may
support other common counts.   Neither does it apply to
an executed part of a contract—*Lagerfelt v. McKie,* 100
Ala. 430.   Furthermore it was competent for the city
council to make the contract without committing its
execution to an agent and to do so by means of an ordi-
nance embodying its terms followed by their acceptance
by the plaintiff, and the ordinance in itself is a sufficient
writing to satisfy the statute of frauds.—Browne on
Statute of Frauds (5th ed.) § 346; *Dist. of Columbia v.
Johnson,* 1 Mackey, 51.

None of the pleas deny that water and hydrants were
furnished by plaintiff and used by the defendant, and
from all that appears in plea 20, the water, though
averred to have been valueless for extinguishing fires,
may have been supplied in strict accordance with the
contract.

The objections to evidence introduced by plaintiff are
without merit.   The minutes of the city council show
the original ordinance, subsequent agreements for the
extension of pipes and the renting of additional hy-
drants, and adoption thereafter on November 22, 1890,
of a resolution expressing "that the water works in this
city owned and constructed by the American Pipe Manu-
facturing Company, appear to be constructed in a thor-
oughly substantial manner; that in some respects they
exceed the specifications and requirements of the con-
tract, as demonstrated on the occasion of the test, when
it was shown that a stream of water reached a vertical
height of more than 50 feet through two hundred feet of
fire hose attached to the highest plug located on Com-
merce Street, and that said water works are satisfac-
tory in every respect."   It further shows without dis-
pute that the hydrants were thereafter maintained and

that the city beginning in 1890 made semi-annual payments at the agreed price for several years and afterwards paid irregularly up to January, 1896. Minute entries of the city council in January, 1896, recite that the plaintiff's claim for arrears of rent had been investigated and that it "was disallowed and the mayor instructed to inform the Water Works Company that the city would not pay their claim for the reason that they had not performed their contract." This entry expresses no purpose to discontinue the contract or to release the plaintiff therefrom, nor is there any record evidence of such action being had until after this suit begun.

The evidence offered by the defendant to show verbal instructions by the members of the council to the marshal to give plaintiff notice to discontinue the water and the pursuant action of the marshal, was incompetent. If the city was entitled to terminate the contract it required corporate action to do so. The best and only evidence of such action is in the records or minutes of the council's proceedings.—*Perryman v. Greenville,* 51 Ala. 507.

The issues of fact were made alone upon the pleas presenting the general issue and payment, and under them and in the absence of a plea in recoupment of damages the evidence offered by defendant to show the manner in which the works were constructed and the degree of pressure upon the water was inadmissible. It could not be used under the general issue to reduce the plaintiff's claims, for the rate of its compensation having been agreed upon its right of recovery is according to the contract price and not upon the *quantum valebat.*—*City Council of Montgomery v. Montgomery Water Works Co.,* 77 Ala. 248; *Stafford v. Sibley,* 113 Ala. 447.

By the terms of the contract the payments were to begin "on the first day of the first month succeeding the completion of the works." As interpreted and acted upon by the parties they became due respectively on the first of January and the first of July for the next ensuing six months. This suit was begun on July 20th, 1897, and the recovery was allowed so as to include the rental

for the six months period which had then begun but had not expired. The contract had not been terminated and the installment of rent for that period was then past due. By making it payable in advance the intention appears not to make the plaintiff's performance during the time covered by it, a condition precedent to the payment of that installment, and as to that item the intention must govern the right.—4 Ency. Pl. & Prac. 935.

The evidence in its material parts is without conflict and under the principles we have stated it justified the charge given for the plaintiff and the refusal of those requested by the defendant.

The judgment will be affirmed.