# Coleman, *et al. v.* Town of Hartford.

## *Assumpsit.*

### (Decided Nov. 19, 1908.   47 South. 594.)

1. *Municipal Corporations; Contracts; Power to Make.*—Unless otherwise specially provided by law, the right to make municipal contracts rests in the council, or other governing body of the town, and the mayor is not authorized to make municipal contracts so as to bind the city unless authorized by the council or by the charter.

2. *Same.*—An attorney rendered service to the mayor and marshal of the town under a contract with the mayor and when the bill for such service was presented the council declined to pay it. The charter and ordinances of the town vest in the council the power to select a city attorney. Held, the town was not liable for the services so rendered.

APPEAL from Geneva Circuit Court.

Heard before Hon. H. A. PEARCE.

Action by R. P. Coleman and others against the Town of Hartford. From a judgment for defendant, plaintiffs appeal. Affirmed.

The action is for attorney's fees alleged to have been rendered to the said town. The evidence showed that the mayor during the time stated called upon the appellant for legal advice pertaining to the municipal affairs of the town and shows what services were performed. It further shows that appellant presented an account of $45, including the item set up here and $10 for prepar-.

[Coleman, et al. v. Town of Hartford.]

ing ordinances, and that the council paid the $10, but declined to pay the other.  The evidence for defendant showed that the town council never employed plaintiff to do any work nor to perform any service, and that the town, by its council, never made any contract at all with the plaintiff to perform any services for it whatever.  It is further shown that under the charter of the town of Hartford the appointment of a town attorney was a matter within the power of the council, and not of the mayor.  At the conclusion of the testimony, the court gave the general affirmative charge for the defendant.

Espy & Farmer and R. P. Coleman, for appellant. The town of Hartford received and accepted the services, and received benefit therefrom, and the services were rendered at the instance of the officers of the municipality, and they are liable for work and labor done.—*Montgomery County v. Barber*, 45 Ala. 237; *Motts v. Hicks*, 13 Am. Dec. 550; 12 Johns. 227; 14 Ib. 118; *Judson v. City of Bessemer*, 87 Ala. 240; 62 Ala. 391.

W. O. Mulkey, for appellee.  The city was not liable under the facts stated, and the court properly gave the affirmative charge for the city.—28 Cyc. 647; 28 Ib. 670.

ANDERSON, J.—"Unless otherwise specifically provided by law, the power to make municipal contracts resides in the council as the general governing body of the corporation."  28 Cyc. 643.  The mayor, although the nominal and official head of the municipality, has no power to bind the corporation by written or oral contract, unless he has been duly authorized by the governing body or by the state.—28 Cyc. 647.  In the case of *Carroll v. St. Louis*, 12 Mo. 444, it was held that the

city was not liable for the services of an attorney appointed by the mayor, because the mayor had no authority to appoint him.   In the case of *Indiana Road Co. v. Sulphur Springs* (Tex. Civ. App.) 63 S. W. 908, it was held that the city was not liable on a contract executed in its behalf by the mayor, when he acted without authority, if it did not ratify same by knowingly receiving benefits thereunder.   The proof shows, in the case at bar, that the service was rendered to the mayor and the marshal, and that the town, through its council, not only did not ratify the employment, but repudiated the claim when brought to their attention, except as to $10 for preparing ordinances, and which seems to have been paid, or at least is not claimed in this suit.   The plaintiff not only failed to prove any authority on the part of the mayor and marshal to employ him; but the defendant introduced an ordinance, showing that the council alone had the authority to select an attorney.

We do not understand the case of *Montgomery Co. v. Barber*, 45 Ala. 242, as being in conflict with the foregoing principle.   This case does not hold that the county was liable for a debt contracted by an unauthorized agent which was not subsequently ratified.   It stresses the fact that the contract, express or implied, must be by its proper officers or agents, and quotes the statute authorizing the commissioners' court to make necessary contracts.   The point considered, was not one of authority, but whether or not the authority had been exercised in a formal manner;   and the court held that, as they had the authority to bind the county for the purpose involved, they did not have to do so by a formal order or written contract.   Moreover, what was said on this point was not involved in the appeal or assignment of error in said case.   The only question that could have been considered was the ruling of the trial court

upon the demurrers to the complaint. There were but two grounds. The first questioned the plaintiff's right to sue in his official capacity, and the other his right to collect fees other than those prescribed by law. It will be thus seen that the question of authority was not before the court.

The trial court did not err in giving the general charge requested by the defendant, and the judgment must be affirmed.

Affirmed.

TYSON, C. J., and DOWDELL and MCCLELLAN, JJ., concur.