200 So. 420

## PUCKETT v. PUCKETT.

### 6 Div. 286.

Supreme Court of Alabama.

Jan. 16, 1941.

Rehearing Denied Feb. 27, 1941.

Lange, Simpson Brantley & Robinson and James O. Haley, all of Birmingham, for appellant.

Clark Williams, Kingman C. Shelburne, and Bradley, Baldwin, All & White, all of Birmingham, for appellee.

608

LIVINGSTON, Justice.

The husband (appellee) filed his bill of complaint in the Circuit Court of Jefferson County, in equity, praying for a divorce from appellant on the ground of voluntary abandonment. Appellant answered the bill of complaint, making her answer a cross-bill and praying for separate maintenance and support. Relief was denied the husband, but granted to the wife under the answer and cross-bill.

The decree of the lower court ordered and directed the appellee to pay to appellant the sum of seventy-five dollars per month as separate maintenance, and two hundred dollars as attorneys' fees, over and above the sum of one hundred dollars allowed as temporary attorneys' fees. From this decree, the wife appeals.

The only question for review is the adequacy of the amounts fixed by the lower court for separate maintenance for the wife, and as attorneys' fees for her solicitors.

At the time of the trial of the cause, the husband was sixty-one years of age and the wife was fifty-six. They have reared a family of four children, two boys and two girls. Three of the children are grown and married. One son, Bob Puckett, was about twenty-one years of age and a student at Duke University when the cause was tried. It appears that the husband and father has been liberal with reference to advantages provided to his children.

It appears that for several years prior to the actual separation there has existed much friction between the husband and wife, as well as between some of the children and both parents. The husband testified that sometime during the year 1926 or 1927 his wife left his bed and had not lived with him as his wife since that time. This the wife denied. The husband further testified that on occasions prior to the separation, Mrs. Puckett had slapped and scratched his face, and that on the morning of the final separation she slapped his face and broke his glasses, thereby cutting his nose and face. He admitted striking the wife on this occasion. While as to this occurrence, she testified that she was beaten by the husband, her face, neck and ears were bruised and swollen to such an extent that she was forced to consult a physician. We do not attempt to set out in detail the testimony of a voluminous record. Suffice it to say, it is replete with incidents, and we have read the same with studious care.

On a reference held by the register touching the amount of alimony pendente lite and temporary attorneys' fees, the register found that the husband was employed as president of the Elmwood Cemetery Corporation at a salary of approximately $438.50 per month. However, there is evidence in the record tending to fix the husband's salary at $500 per month. The husband owns no property other than five shares of stock in the Elmwood Cemetery Corporation, and is indebted to the extent of approximately $5,500. It appears from the record that the wife owns sixty shares of stock in the First National Bank of Birmingham, Alabama, and a house and lot which rents for approximately $18 per month, and on which there is an indebtedness of approximately $250.

There is no justification in morals or law for the husband to strike his wife, except in defense of himself. Murray v. Murray, 238 Ala. 158, 189. So. 877; Wallis v. Wallis, 199 So. 844,[1] present term. And it is sufficient cause for her to live separate and apart from him, and to claim separate maintenance. Waldrop v. Waldrop, 222 Ala. 625, 134 So. 1; Wallis v. Wallis, supra.

Under the circumstances of this case, it is within the province of the trial court to place upon the husband the burden of separate maintenance. But before doing so, the conduct of the wife is to be considered in determining the amount of the provision to be decreed in her favor. Her mere failure to contribute to the peace and happiness of the home cannot be allowed to justify the husband in committing actual violence on her person. But she cannot be regarded as entirely blameless if, while living with the husband, without provocation from him, she was inconsiderate or disrespectful in her attitude toward

---

[1] Ante, p. 439.

him, or if she habitually pursued a course of conduct calculated to vex and harass a reasonably indulgent husband. Overindulgence is not to be shown to a wife whose husband has given her grounds for separate maintenance, when her own failure to act the part of a dutiful wife has helped to put her in the position of "having the law on her side." Such misconduct on the part of the wife may be considered as in a measure palliating the offense of the husband, and as abridging her claim to allowance from him for separate maintenance.

The testimony in this cause was taken ore tenus before the trial judge. Where the testimony is taken thus, the trial judge has the witnesses before him, hears their testimony, and observes their demeanor on the stand, and unless his judgment is palpably wrong it will not be here disturbed. Bonds v. Bonds, 234 Ala. 522, 175 So. 561; McClurkin v. McClurkin, 206 Ala. 513, 90 So. 917; Hodge v. Joy, 207 Ala. 198 (1), 92 So. 171; Wade v. Miller, 208 Ala. 264, 93 So. 905; McWilliams v. Phillips, 71 Ala. 80.

After a careful consideration of all the evidence in this case, we cannot affirm that the trial court was in error in the amount fixed for the separate maintenance of the appellant, nor in the amount fixed by the court as attorneys' fees for her solicitors.

It results therefore that the decree of the lower court is affirmed.

Affirmed.

GARDNER, C. J., and BOULDIN and FOSTER, JJ., concur.