5 So.2d 405

**BERRY et al. v. HOWELL et al.**

2 Div. 177.

Supreme Court of Alabama.

Nov. 21, 1941.

Rehearing Denied Jan. 15, 1942.

F. F. Windham, of Tuscaloosa, for appellants.

Walter P. Gewin, of Greensboro, for appellees.

THOMAS, Justice.

The original bill, and as amended, sought an accounting to establish payment of mortgage indebtedness, and was submitted to the court on complainants' willingness to do equity and abide by the decree of the court with reference thereto and to pay any sum of money that might be found due on said mortgage indebtedness. It was averred that they were ready, able and willing to do equity in this respect.

The property was foreclosed and all the parties in interest to that, including the purchaser at mortgage foreclosure sale, were made parties to the suit.

The decree from which the appeal is prosecuted was to the effect that the complainants are not entitled to the relief prayed for, in their bill of complaint as amended, and that there was no question of the "bona fides of the indebtedness existing between the complainants and Mr. Andrew Taylor, the respondent, for the reason that each of the complainants is estopped from making any attack whatsoever on the foreclosure deed to Mr. Howell, one of the respondents."

The court found from the evidence that Josephine Berry in person and as the authorized agent of Louise Brown, the other complainant, requested the respondent E. P. Howell, to bid in said property at said sale and that "said Josephine Berry did not indicate in any manner to Mr. Howell that her daughter, Louise Brown was a minor at the date of the execution of the mort-

140

gage in question, nor did she indicate to Mr. Howell that the debt secured by said mortgage had been fully paid; but on the contrary she requested Mr. Howell to bid in said property for the amount of the debt secured by said mortgage, towit: Two Hundred Sixty Eight and 94/100 Dollars, which was done, and the Court further finds from the evidence that on December 21, 1940, Louise Brown, for her mother, wrote a letter to Mr. Howell, in which among other expressions she used this language: 'if it is convenient for you, we will come to Moundville Monday and make arrangements to get up your money and pay you.'"

The decree further recites: "Even if (which the Court does not find) Louise Brown was a minor when said mortgage was executed and delivered, this would constitute a ratification of said mortgage, as it would not be void but voidable and subject to ratification by the minor; however, the Court is firmly of the opinion that Louise Brown was not a minor when she executed the mortgage in question nor when she executed the mortgage to the Federal Land Bank in 1930, but on the contrary she was of full age when both of said mortgages were executed."

The decree finds that the legal title to the property involved vested in E. P. Howell, the respondent, subject to the statutory right of redemption in the two complainants, and "The Court further finds that the debt is as follows: Principal, Two Hundred Sixty Eight and 94/100 ($268.94) Dollars, which under the agreement between the parties bears interest at the rate of eight per centum per annum from July 25th, 1940, and Seventy-one and 97/100 ($71.97) Dollars, paid by the Respondent, E. P. Howell, to the Federal Land Bank on December 16, 1940, and six per centum interest on said sum from said date."

■ It is well established in this jurisdiction that when the court reaches a conclusion and carries the same in the decree, after having heard the witnesses ore tenus, that every presumption will be indulged in favor of the finding of such trial court and such finding will not be disturbed unless palpably wrong. Wilkerson v. Sorsby, 208 Ala. 345, 94 So. 481; In re Fite, 228 Ala. 4, 152 So. 246; Lewis v. Wilkinson, 237 Ala. 197, 186 So. 150.

■ It will be remembered at this juncture that the burden of proof was on the party pleading and alleging payment in a suit to set aside a mortgage foreclosure. Wilkerson v. Sorsby, supra; Sykes v. Poteet, 240 Ala. 122, 197 So. 884.

■ It is further established in this jurisdiction that where a mortgagor requests a third party to purchase property of mortgagor at foreclosure sale, is present at such sale, stands by while such party makes purchase in that foreclosure sale, and remains silent, such mortgagor is estopped by such conduct or silence, after the third party has purchased the property and paid the price for which it was sold, to claim that the mortgage had been paid prior to such foreclosure. Ivy v. Hood, 202 Ala. 121, 79 So. 587; Brooks v. Greil Brothers Co., 202 Ala. 607, 81 So. 549; Green et al. v. Federal Land Bank of New Orleans, 236 Ala. 431, 183 So. 418; Ex parte City of Bessemer, 240 Ala. 52, 197 So. 20.

■ We have examined the pleading and evidence and are of the opinion that the trial court was without error in rendering the decree from which appeal is prosecuted.

The decree of the trial court is affirmed.

Affirmed.

GARDNER, C. J., and BROWN and FOSTER, JJ., concur.