25 So.2d 849

AIKEN et al. v. BARNES et al.

I Div. 230.

Supreme Court of Alabama.

April 25, 1946.

C. L. Hybart and R. L. Jones, both of Monroeville, and Roy W. Kimbrough, of Thomasville, for appellants.

658

Adams & Gillmore, of Grove Hill, for appellees.

LIVINGSTON, Justice.

A conveyance of lands obtained for a grossly inadequate consideration by unfair advantage taken of great mental weakness, though not amounting to absolute incapacity, of the grantor, will in equity be set aside on equitable terms, when application therefor is made seasonably by the grantor, his representatives or heirs. Waddell v. Lanier, 62 Ala. 347–349; Shipman v. Furniss, 69 Ala. 555, 562, 44 Am.Rep. 528; Burke v. Taylor, 94 Ala. 530, 10 So. 129; Allore v. Jewell, 94 U.S. 506, 24 L.Ed. 260; Harding v. Handy, 11 Wheat. 103, 125, 6 L. Ed. 429; Raymond v. Wathen, 142 Ind. 367, 41 N.E. 815; 18 Enc.Pl. & Prac. 765, 771. In such case, the deed being voidable only, and not wholly void, passes title to the grantee, and the heirs' claim to relief rests not on legal succession to the title, but on an equitable right to be invested with such succession. The relief appropriate to be afforded by the courts is by enforcing rescission of the contract of sale, and cancellation of the deed. Floyd v. Green, 238 Ala. 42, 188 So. 867; Kirby v. Arnold, 191 Ala. 263, 68 So. 17; Pool v. Menefee, 205 Ala. 531, 88 So. 654; Strickland v. Strickland, 206 Ala. 452, 90 So. 345; L.R.A. 1916D, 388, Note, 2 A.L.R. 432, Note and 445, Note.

The foregoing principles are invoked in the cause now considered.

The bill of complaint seeks to cancel, set aside and hold for naught a deed executed and delivered by Mrs. E. L. Krouse in her life time, conveying certain described lands to Mrs. Julia Burton Barnes. The complainants are Mrs. Mae Rivers Aiken, a niece of Mrs. Krouse, and D. M. Maxwell, Jr., as administrator with the will annexed of the estate of Mrs. Krouse, deceased. The respondents are Mrs. Julia Burton Barnes, the grantee in the deed, the Jackson Bank and Trust Company, a corporation, a mortgagee of said grantee, and nieces and nephews of Mrs. Krouse and who, together with complainant Mrs. Aiken, are alleged to be the sole heirs at law and next of kin of Mrs. Krouse, deceased, and her only devisees and legatees.

The sole question presented in the lower court and on appeal is whether the evidence is sufficient to bring complainants' claim within the protective principles set out above.

Where, as here, the testimony was ore tenus, or partly so, the trial court's conclusion on the facts will not be here disturbed, unless palpably wrong. Harvell v. State ex rel. Sanford, 235 Ala. 329, 179 So. 233; Mitchell v. Kinney, 242 Ala. 196, 5 So. 2d 788; Tsimpides v, Tsimpides, 241 Ala. 46, 1 So.2d 17; Berry v. Howell, 242 Ala. 138, 5 So.2d 405; Randolph v. Randolph, 245 Ala. 689, 18 So.2d 555; Scruggs v. Beason, 246 Ala. 405, 20 So.2d 774; Wade v. Miller, 208 Ala. 264, 93 So. 905; McClurkin v. McClurkin, 206 Ala. 513, 90 So. 917; Puckett v. Puckett, 240 Ala. 607, 200 So. 420.

When Mrs. Krouse executed and delivered the deed, here involved, she was near eighty-seven years of age. Her grantee, Mrs. Barnes, was her near neighbor and close friend of many years standing, but the parties were not related. It is quite clear from the evidence that the idea and proposal to sell the lands originated with Mrs. Krouse, and there is no evidence that Mrs. Barnes, or anyone else, put forth any effort to induce her to make the sale. There is nothing to indicate that Mrs. Barnes, or anyone acting in her behalf, influenced or attempted to influence Mrs. Krouse in determining the price for which she was willing to sell her lands.

The evidence touching the question of Mrs. Krouse's mental condition at the time she executed and delivered the deed to Mrs. Barnes is conflicting, as is the evidence concerning the adequacy of the consideration paid for the lands by Mrs. Barnes.

Respondents' evidence is to the effect that Mrs. Krouse was in full possession of her faculties at the time she executed and delivered the deed. Mrs. Krouse's family physician of twenty-five years standing, and who attended her in her last illness, gave it as his opinion that she was at the time of the execution and delivery of the deed of sound mind, a person of strong will, an educated woman, an intelligent woman, in full possession of her mental faculties, and possessed of sufficient mental capacities to understand what she was doing, and to be aware of the nature and effect of the transaction. The testimony of others, lay witnesses, is to the same effect.

As already stated, the evidence concerning the adequacy of the consideration paid for the property is conflicting. But inadequacy of consideration is not in itself sufficient to set aside a deed. Edwards v. Gordon, 221 Ala. 473, 129 So. 43; McLeod v. McLeod, 145 Ala. 269, 272, 40 So. 414, 117 Am.St.Rep. 41. "Every person, who is not under some legal disability, may dispose of his property in such manner and upon such terms as he sees fit; and whether his bargains are discreet or not, profitable or unprofitable, are considerations not for the courts of justice, but for the party himself. 1 Story's Eq. 244; Adams Eq. p. 392; Bolling v. Munchus, 65 Ala. 558; Goodlett v. Hansell, 66 Ala. 151; Malone v. Kelley, 54 Ala. 532."

Under the rule that obtains, we cannot say that the conclusions of the trial court as to the facts are palpably wrong. The cause is due to be affirmed, and it is so ordered.

Affirmed.

GARDNER, C. J., and BROWN and SIMPSON, JJ., concur.