31 So.2d 715

**HAMILTON v. CITY OF ANNISTON et al.**

**7 Div. 907.**

Supreme Court of Alabama.

June 26, 1947.

Rehearing Denied July 31, 1947.

480

Ross Blackmon, of Anniston, and Horace C. Wilkinson, of Birmingham, for appellant.

W. D. DeBardeleben and Richard B. Emerson, both of Anniston, for the City.

Knox, Liles, Jones & Woolf and Merrill, Merrill & Vardaman, all of Anniston, and Wm. Alfred Rose and White, Bradley, Arant & All, all of Birmingham, for other appellees.

STAKELY, Justice.

J. C. A. Hamilton filed his original bill against the City of Anniston and J. F. King, A. H. Lee and S. F. Street as members of the city commission to enjoin the construction of a building alleged to be illegal and contrary to the laws and statutes of Alabama. The purpose of the bill was also to enjoin the negotiation of a loan by the city and the expenditure of the proceeds thereof connection with the construction of the proposed building. The case was heard on application for a temporary injunction. From an order denying the temporary injunction, the case was brought to this court. The opinion of this court on that appeal appears as Hamilton v. City of Anniston, 248 Ala. 396, 27 So.2d 857.

It will appear from the foregoing opinion of the court that we considered as valid the ordinance adopted by the City of Anniston which authorized construction of a suitable building on the grounds of the Memorial Hospital in Anniston. According to our holding not only was it necessary for the ordinance to be valid but the contract executed pursuant thereto must also be valid. It being uncertain under the contract and the evidence then before the court as to the purpose for which the building was to be built, this court remanded the cause to the lower court in order that it might determine the true nature of the project and then make its order accordingly. Under our former opinion if the proof shows that the building is for commercial purposes, which includes the renting of offices to doctors or dentists for use in their private practice, then the building is for a purpose not authorized by law, but if the building is for hospital purposes, which includes not only space for patients but space for hospital administration in all its phases, research and equipment, then the building is authorized by law.

When the case went back to the lower court Dethlefs and Hannon, a part-

nership, and its individual members, Ladd Engineering Co., a partnership and its individual members and T. U. Crumpton & Company, a corporation, were also made parties respondent. The purpose of this will appear from our aforesaid opinion. The case was then tried on the issue of the intent and purpose under the contract with which the building was planned and is being constructed. The evidence is voluminous. It is insisted by appellant that the proof shows that the purpose of the parties in making the contract was to construct a building for use by doctors and dentists in their private practice. On the contrary the appellees contend that the building is for hospital purposes alone. It is not feasible to set out the evidence. Caples et al. v. Young et al., 206 Ala. 282, 89 So. 460. Suffice it to say that it has been considered with great care. We feel satisfied that the intention of the parties in contracting for the building was to provide a building as a hospital annex only and not for commercial purposes. The lower court so found after hearing the witnesses orally. We cannot say that the decree of the lower court is palpably wrong. So we will not disturb it. Berry v. Howell et al., 242 Ala. 138, 5 So. 2d 405; Puckett v. Puckett, 240 Ala. 607, 200 So. 420.

In view of this conclusion it is not necessary to consider the claim of the city in its cross-bill for refund of illegal expenditures. There can be no such recovery since the disbursements were made for a lawful purpose. The prayer of the city in its cross-bill for cancellation of its General Obligation Warrants evidencing the loan was also correctly denied by the court.

The decree of the lower court is in all respects affirmed.

Affirmed.

GARDNER, C. J., and FOSTER and LAWSON, JJ., concur.

### On Rehearing.

Upon a careful consideration of brief of counsel for appellant on application for rehearing it may be that we did not make ourselves entirely clear in the opinion which has been rendered. Counsel strenuously insist that we have overlooked the principle of law that municipal governments speak only through their minutes. We are cited to Perryman v. Greenville, 51 Ala. 507; City of Greenville v. Greenville Water Works Co., 125 Ala. 625, 643, 27 So. 764; Crenshaw County v. Sikes, 113 Ala. 626, 628, 21 So. 135; Garner v. State, 229 Ala. 6, 158 So. 546; Coleman v. Town of Hartford, 157 Ala. 550, 47 So. 594, among others. We have not, as appellant appears to assume, overlooked these decisions.

We reemphasize that on former appeal we found no valid objection to the ordinance adopted by the city commission. It was there held that the ordinance was presumptively valid "because appropriate offices for use in the administration and operation of the hospital will be construed to mean offices allowed by law, there being nothing in the ordinance to show the contrary." We pointed out, however, that the bill charged that the contract made in pursuance to the ordinance called for a doctors' building which would not be authorized by law if in fact the building was for commercial purposes. Referring again to the averments of the bill in this respect we added that "the contract purports to be void because it appears to be beyond the pale of corporate authority." The decree was reversed in order that the true nature of the work as contemplated under the contract might be ascertained.

Upon the trial after reversal here much testimony was taken to the effect that the building to be erected did not depart from the ordinance but was appropriate for hospital purposes as authorized therein and of consequence was within the "pale of corporate authority". The trial court so held and upon review we have given that evidence most careful study and have reached the conclusion that the decree rendered was justified by the proof.

Though we feel that what was said in the original opinion should suffice, yet out of regard to the earnest insistence of counsel on rehearing, we consider it appropriate to make their brief response.

It results, therefore, that in our view the decision reached is correct and the applica-

tion for rehearing should be denied. It is so ordered.

Application overruled.

GARDNER, C. J., and FOSTER and LAWSON, JJ., concur.