37 So.2d 196
**MORRISON et al. v. STATE ex rel. DOR-MON, Deputy Solicitor.**

**7 Div. 955.**

Supreme Court of Alabama.

Oct. 14, 1948.

Knox, Liles, Jones & Wolf, of Anniston, for appellant.

A. A. Carmichael, Atty. Gen., for appellee.

LIVINGSTON, Justice.

This proceeding was instituted in the Circuit Court, in Equity, of Calhoun County to condemn one 1941 Chevrolet automobile for illegally transporting whisky in said county; Calhoun being a dry county.

The evidence is without dispute that at the time car was seized, there was being transported therein in Calhoun County two and one-half gallons, and a portion of a pint, of corn whisky. W. A. Morrison was driving the car. The testimony was taken ore tenus before the trial court, and resulted in a judgment in general terms denying the claim of the intervenor, granting the relief prayed for and ordering the automobile condemned and sold.

One T. E. Liner claimed the whisky in the automobile, and testified that he had placed it in the car a short time prior to the seizure, and without the knowledge of W. A. Morrison, who testified that he did not know the liquor was in the car. W. A. Morrison further testified that the car belonged to his son Thomas J. Morrison. In explanation of his possession of the car, he testified that he lived in Wedowee but worked in Anniston, some twenty miles away; that his son Thomas lived and worked in Anniston; that another son was a senior in the Wedowee High School, and that Thomas had agreed for the younger son to use the car on the night the senior play was presented at the Wedowee High School; that he (W. A. Morrison) picked the car up in Anniston on the afternoon before the night of the play and drove it home for the use of the younger son; that the younger son used it, and that he (W. A. Morrison) was returning it to Thomas when it was seized. That Liner came to his home early in the morning to ride to Anniston with him; that he was eating breakfast when Liner arrived at his home; that Liner put the whisky in the car, covered it with a raincoat, and sat in the car until W. A. Morrison came out and got in the car and started to Anniston; that he did not know the liquor was in the car.

Thomas J. Morrison testified that he bought and paid for the car; that, as a part of the purchase price, he traded an old car which his father had given him, and paid the balance in cash through the bank. He admitted that the car was purchased in his father's name, but gave as a reason therefor the fact that he (the son) was a minor at the time. Further, he corroborated the testimony of W. A. Morrison as to the loan of the car to his brother, and the reasons for W. A. Morrison's possession. W. A. Morrison assessed the car for taxation, paid the taxes, and purchased the license tag for it. Though not all the evidence, we think the foregoing is sufficient for the purposes of the opinion.

It is insisted that the rule applying the presumption of verity to findings of the trial court on evidence taken ore tenus has no application here because there is no substantial conflict in the evidence. See Auburn Sales Co. v. State, 219 Ala. 360, 122 So. 463; Edwards et al. v. State, 213 Ala. 122, 104 So. 255; Hamilton v. James, 231 Ala. 668, 166 So. 425; Esco v. Davidson, 238 Ala. 653, 193 So. 308; Henderson v. Henderson, 228 Ala. 438, 153 So. 646; Barnes v. Clark, 227 Ala. 651, 151 So. 586,

90 A.L.R. 637; Wright v. Price, 226 Ala. 591, 147 So. 886.

As stated above, the trial court found that the petitioner is entitled to the relief prayed. This is, in effect, a finding that W. A. Morrison owned the automobile and knew that the whisky was being transported therein contrary to law. Clear enough, phases of the evidence tended strongly to support such a finding. Other evidence affords contrary inferences. In other words, the tendencies of the evidence are conflicting. Where such is the case, and the evidence is taken ore tenus, the finding of the trial court will not be disturbed unless palpably wrong. Puckett v. Puckett, 240 Ala. 607, 200 So. 420; Davidson v. Church of Christ, 245 Ala. 203, 206, 16 So.2d 179; Aiken v. Barnes et al., 247 Ala. 657, 658, 25 So.2d 849; Odom v. Averett, 248 Ala. 289, 294, 27 So.2d 479; Hamilton v. City of Anniston, 249 Ala. 479, 481, 31 So.2d 715.

Applying the above rule, after carefully considering all of the evidence, we are unwilling to disturb the judgment of the lower court.

Affirmed.

BROWN, SIMPSON, and STAKELY, JJ., concur.