90 So.2d 822

Henry LOVELACE

v.

Iva Lee McMILLAN and Ed Leigh McMillan.

3 Div. 738.

Supreme Court of Alabama.

Nov. 15, 1956.

Howard J. Kearley, Brewton, for appellant.

Caffey, Gallalee & Caffey, Mobile, for appellees.

SPANN, Justice.

This is an appeal from a final decree in equity reforming a deed executed by appellees to appellant on the ground of mutual mistake. The deed was one of bargain and sale, and the reformation decreed was to reserve in the grantors (appellees) "the oil, gas and minerals therein, thereunder or thereon, with the right to develop same."

The sole question presented is whether the evidence was sufficient to sustain the finding below granting the reformation. We hold that it was, guided by the well known and oft repeated rule of review that a strong presumption is indulged in favor of the finding of the trial judge

on evidence taken ore tenus before him; and his conclusion will not be disturbed unless clearly wrong and unjust. Morrison v. State, 251 Ala. 289, 37 So.2d 196; Aiken v. Barnes, 247 Ala. 657, 25 So.2d 849; Tsimpides v. Tsimpides, 241 Ala. 46, 1 So.2d 17.

 The rule in Alabama with respect to the burden and extent of proof in a suit to reform a deed on the ground of mutual mistake is that the party seeking reformation must show a mutual mistake by evidence that is clear, satisfactory and convincing, and that the intention and agreement he would substitute in the instrument was that of both parties to such instrument. Clipper v. Gordon, 253 Ala. 428, 44 So.2d 576; Ballentine v. Bradley, 238 Ala. 446, 191 So. 618.

 The evidence on which reformation was decreed was given by appellee Ed Leigh McMillan and his secretary, Lily Tippins. This evidence tended to show that appellee McMillan and appellant entered into a written contract in March, 1950, to sell the land described in the deed for $400 of which $60 was paid in cash at the time of the execution of the agreement, the balance payable at the rate of $25 per month. Appellant paid out his contract in September, 1951, and was given the deed sought to be reformed. The contract contained the reservation as quoted above, and Mr. McMillan without reading the deed, depending upon his secretary to prepare it according to the terms of the written agreement, executed it and had his wife execute it, and delivered it to appellant not knowing the reservation was not embodied in it. When it was discovered that the reservation was not contained in the deed, he filed the bill for reformation. On this evidence the court decreed the reformation.

Appellant, of course, denied that he was given any written contract or ever signed any with McMillan, but it was within the province of the trial court to determine the verity of this evidence. It might be said

with considerable consistency that it would be unlikely that appellant would pay the purchase price of the land without some form of contract or that Mr. McMillan, a lawyer and prominent businessman, would undertake such a transaction without a written contract. We think the court was justified in believing what Mr. McMillan and his secretary testified to and cannot say that the decree below was clearly wrong and unjust.

The judgment of the trial court is due to be and is hereby affirmed.

Affirmed.

LIVINGSTON, C. J., and GOODWYN and MERRILL, JJ., concur.