# Spidle, *et al. v.* Blakeney.

*Bill to Remove Guardianship From Probate to Chancery Court, and for Settlement.*

(Decided May 29, 1907. 44 South. 62.)

*Equity; Special Equity; Jurisdiction; Removal of Guardianship From Probate Court to Chancery Court.*—The fact that the guardian made necessary expenditures for the best interest of his wards out of his own funds, without prior order from the probate court, as required by section 2296 and 2319, Code 1896, in the absence of income of the ward, is a special equity and will support a bill for the removal of the final settlement of the guardianship from the probate to the chancery court; under such circumstances the chancery court alone can authorize re-imbursement out of the principal of the ward's estate.

APPEAL from Sumter Chancery Court.

Heard before Hon. THOMAS H. SMITH.

Bill by J. W. Blakeney, guardian, against his ward for a removal of the guardianship from the probate to the chancery court and for a settlement of the guardianship, with prayer for re-imbursement, out of the principal of the ward's estate, for advancements made by the guardian to the ward, which advancements are alleged to be necessary and to the best interests of the wards. From a decree for complainants, respondents appeal. Affirmed.

C. K. ABRAHAM, and PATTON & PATTON, for appellant.
—No brief came to the Reporter.

C. J. BROCKAWAY, for appellee.—No brief came to the
Reporter.

DENSON, J.—In 1897 R. J. Grady died in Sumter
county, and left surviving him his widow, Lucy Grady,
and four minor children. Lucy Grady and M. L. Grady,
the grandfather of said minors, qualified as guardians of
the minors and entered on the discharge of their duties
as such. The minors each owned about $150 in money,
and jointly 500 or 600 acres of real estate. The minors
lived with their mother, Lucy Grady, in their home in
the village of Brewersville, in Sumter county. The bill
shows that the income arising from the estate of the
minors was wholly inadequate for their support and
maintenanec; that Lucy Grady, the mother, was without
means and wholly unable to support and maintain said
minors; and that M. L. Grady furnished all the means
for the support, maintenance, and education of said
minors out of his own private means. In May, 1900,
Lucy Grady died, leaving M. L. Grady the sole guardian
of said minors. After the death of Lucy, M. L. Grady
continued to furnish the means for the support and edu-
cation of his wards until his death, which event occurred
in 1903. The bill avers that, in order to put in habitable
condition the "residence and premises" of the said
minors, the said M. L. Grady out of his own means ex-
pended the sum of $424, and that said expenditures were
for the best interest of the estate of said minors. The bill
shows that the complainant is the executor of the last
will and testament of M. L. Grady, deceased, and as such
executor that he was proceeding to make a final settle-
ment of his testator's guardianship in the probate court
of Sumter county. It is then averred that the income

and personal assets of the said minors are totally inadequate to reimburse the estate of M. L. Grady for the expenditures made by him in behalf of said minors and in the betterment of their estate. The prayer of the bill is that the final settlement of the guardianship be removed from the probate court into the chancery court, for a reference to the register to ascertain the state of the acocunt, and, if it be made to appear that the estate of the minors is indebted to complainant's testator's estate, that such orders and decrees be made as may be necessary to reimburse the estate of the testator for expenditures made by him out of his own means, and for general relief.

It is an established rule that, when the probate court has acquired jurisdiction of the final settlement of a guardianship, it will, in the absence of a special equity, retain such jurisdiction to the exclusion of the chancery court. The rule is conceded by the complainant (appellee), and he insists that the special equity is shown by the bill, which is sufficient to oust the jurisdiction of the probate court and for the removal of the settlement to the chancery court.—*Bellamy v. Thornton*, 103 Ala. 404, 15 South. 831. Section 2296 of the Code of 1896, provides that if improvements or repairs, necessary to keep in tenantable condition the real estate of the word, "cannot be made without an expenditure from the principal of the funds of the ward, such expenditures must not be made without an order of the court of probate; and such order must not be made without proof, by two disinterested witnesses, of facts which show that it would be advantageous to the ward." Section 2319 of the Code of 1896, provides that "if the income of the minor is insufficient for his maintenance and education, in a manner suitable to his prospects and condition in life, and such maintenance and education cannot be furnished

[Spidle, et al. v. Blakeney.]

him otherwise than by a sale of his estate, real or personal, the court of probate may, on the application in writing of the guardian, order a sale of the property of the minor, real or personal, or so much thereof as may be necessary, for his maintenance and education." It sufficiently appears from the averments of the bill that the expenditures for which reimbursement is claimed were made, and that they were demanded by the necessities of maintenance and education of the wards, and for their best interests, and that the mother, during her lifetime, was unable to provide such maintenance and education. It also sufficiently appears that the repairs made on the real estate were necessary and for the best interests of the wards, and that the income of the estate of the wards and the corpus of the personalty were insufficient for the purposes of maintenance and education of the wards and for making the repairs. The probate court, therefore, on timely application by the guardian for a sale of the realty, to obtain funds to maintain and educate the minors, and to make the needed repairs on the real estate, would have made an order of sale for such purposes and therefore, of consequence, on a final settlement of the guardian's acount, would have allowed him credit for such sums so expended. But, while final settlement is pending in the probate court, and after the expenditures were made without the necessary orders, that court has no power to declare a lien on the real estate of the wards, in favor of the guardian, for such expenditures, nor to order a sale of the real estate to raise funds with which to reimburse the guardian for such expenditures. On the contrary, the chancery court, by reason of its elastic powers, may ratify that which would clearly have been previously authorized, may decree a reimbursement of the guardian for such expenditures, and may, to raise the necessary funds for the reimbursement, order a sale

of a part or of all the lands of the wards. In this view of the case, a special equity exists, which gives the court of chancery jurisdiction, and the chancellor properly overruled the demurrers and the motion to dismiss the bill.—*Bellamy v. Thornton,* 103 Ala. 404, 15 South. 831.

Affirmed.

TYSON, C. J.., and HARALSON and SIMPSON, JJ., concur.