(79 South. 598)

CARPENTER v. CARPENTER. (1 Div. 17.)

(Supreme Court of Alabama. June 6, 1918.)

EXECUTORS AND ADMINISTRATORS ☛513(12) —SETTLEMENT OF ACCOUNTS — DECREE OF PROBATE COURT—CONCLUSIVENESS.

Where administrator applied to probate court for final settlement, and court entertained jurisdiction, contest being had, and final decree entered against administrator, who was thereby discharged, decree was conclusive on administrator as to right to sue in equity for advancements to widow and minor children, which probate court disallowed because of noncompliance with statute.

Appeal from Circuit Court, Washington County; Ben D. Turner, Judge.

Suit by James E. Carpenter against Sallie Carpenter. From a decree sustaining demurrer to the bill, complainant appeals. Affirmed.

This cause was previously before the court for consideration of the decree overruling the demurrer to the original bill, resulting in a reversal of the decree of the court below. Carpenter v. Carpenter, 75 South. 472.[1] A reference to that case will disclose that the original bill showed complainant (appellant here), as administrator of the estate of W. J. Carpenter, deceased, had petitioned the probate court for a final settlement of said estate, and the court had acted thereon; that the accounts filed had been contested by the heirs, resulting in a disallowance of certain credits claimed by the administrator. A decree was entered by the probate court settling said estate, and rendering a final decree against the administrator for the sums ascertained by the court to be due each of the heirs. The proceedings for a final settlement of said estate, including the petition of the administrator, and the decree of the court thereon, form a part of the record on the former appeal. The decree recites upon its face all jurisdictional matters for final settlement of said estate.

Paragraph 5 of the original bill sets up the advancements by the administrator to the widow and minor heirs of W. J. Carpenter, deceased, for their support and maintenance, of which it was not practicable to keep a separate account. The sixth paragraph alleges in substance that, while the complainant filed what purported to be an application for a final settlement of his administration of the estate and filed his accounts as such administrator, yet he is advised that in fact it was not an application for final settlement; that the estate was not in a condition for final settlement. It is then averred that a certain date was appointed on which said final settlement should be made, and a guardian ad litem appointed to represent and protect the interest of the minor heirs upon such settlement.

The amendment to the bill, after a reversal of the cause, was made by striking paragraph 5 and substituting another paragraph bearing the same number. The fifth paragraph of the amended bill sets up in substance that prior to the time complainant was appointed administrator there was an agreement entered into by the adult heirs, as well as the minor heirs over 14 years of age, of W. J. Carpenter, deceased, and by the widow for the benefit of the minor heirs and herself, that the estate be kept together by the personal representative in order that the minor heirs might be educated and cared for until their maturity, and the home thereby kept intact. A copy of the agreement is attached to the amended bill. The complainant continued the course pursued by his predecessor, managing the affairs of the estate, collecting the rents and income, and applying the funds so collected to the support of the widow and her children, furnishing them only such provisions and clothing as they had been accustomed to have. Complainant kept no individual accounts with any of the parties except the widow, as the only practicable way to furnish the groceries and clothing was in bulk, and it was therefore impossible for him to show what each child would use and consume, but that the widow and minor heirs received the benefit thereof.

Paragraph 6 of the amended bill sets up in substance that the complainant on May

---
☛For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] 200 Ala. 96.

17, 1915, filed in the probate court an application for final settlement of his administration of said estate, and filed therewith his accounts and vouchers as such administrator. It is further averred that said application was not in fact an application for a final settlement of the affairs of the estate of W. J. Carpenter, but only an application for a final settlement of his particular administration; that the estate was not in a condition for a final settlement on account of the agreement of the parties to keep the estate together being in force, and no guardian asked for to receive the distributive shares of the minors; that a day was set for a final settlement, and a guardian ad litem appointed to protect the interests of the minors, and no decree was entered by the probate court ordering a final settlement, but the only decree entered was with reference to a partial settlement of said estate—that is, of complainant's particular administration of said estate. On June 23, 1915, the court proceeded to render a decree purporting to be a decree of final settlement of the affairs of said estate, by which decree the probate court set aside certain exemptions as to personal property to the widow, and further decreed that each heir was entitled to certain sums, for which the court ordered execution to issue against the complainant. It is then alleged that the said purported final decree was premature and void.

Numerous assignments of demurrer were interposed to the bill as amended, attacking the equity and sufficiency of the bill in various forms. The court rendered a decree sustaining the demurrer, and from this decree the complainant prosecutes this appeal.

Joe M. Pelham, Jr., of Chatom, and Armbrecht, McMillan & Caffey, of Mobile, for appellant. Granade & Granade, of Chatom, for appellee.

GARDNER, J. We are of the opinion that what was said by this court on the former appeal in this cause, considering the demurrer to the original bill is also decisive of the present appeal. It appears now, as it did then, from the exhibits to the bill, that the complainant as administrator petitioned the probate court for a final settlement of the affairs of said estate and his administration thereof. The jurisdiction of the probate court was thereby called into exercise, resulting in a final judgment of said court against the complainant. It also appears now, as it did then, that the matters of credit which he seeks to have reopened and allowed were the subject of contest in the probate court, and were by that court disallowed.

While the bill does seek a removal of the administration of the estate into the chancery court, yet, of course, the principal object of the bill, reduced to its last analysis, is to have the final decree of the probate court, upon his accounting and settlement of his ad-

ministration, set aside and reopened in order that he may be permitted to receive certain credits for advancements to the widow and minor children, which he is of the opinion would be allowed in a court of equity, although properly disallowed in the probate court because of noncompliance with the statutory provisions in regard thereto. Reference is made in the former opinion to that phase of the bill. Answer is found in the opinion on the former appeal to the averment as to the complainant being advised that in fact there was not a final settlement of the estate. Reference is also made to the fact that the agreement referred to could not be held of binding force so as to hold the estate together in view of the fact that a number of the heirs were minors, "and hence incapable in their own right of binding themselves by such an agreement." The amendment to the bill amending paragraphs 5 and 6, as indicated in the statement of the case, amounts after all to but an enlargement or more detailed statement of what appeared in a more summary manner in the original bill.

The case of Spidle v. Blakeney, 151 Ala. 194, 44 South. 62, is cited, among other authorities, by appellant. In the Spidle Case the guardian was allowed reimbursement in a court of equity for necessary expenditures made out of his own funds in behalf of the best interest of his ward, without prior order from the probate court. It is to be noted, however, in that case the guardian made timely application for relief in a court of equity before a final settlement of the guardianship, and it was held that the facts there alleged constituted a special equity for the removal of the settlement into the chancery court. In the instant case the administrator made no such timely appeal to a court of equity, but filed his application for a final settlement of his administration, and the probate court entertained jurisdiction of such final settlement. A contest was had in the probate court, and a final decree entered against such administrator, who was thereby discharged. The proceedings in the probate court, as shown by this record, and the final decree of said court, appear to be in all respects regular. The decree there rendered is therefore binding and conclusive upon the administrator for aught appearing in the bill as amended. Adams v. Walsh, 190 Ala. 516, 67 South. 432, and authorities there cited. As to whether or not the administrator could have obtained relief in a court of equity upon the facts alleged in the bill as amended, had he made application to such court before a final decree was rendered in the probate court on a final settlement of his administration—had upon his petition therefor—need not be determined, as the question is not here presented.

It appears quite clear that the bill is insufficient as one to have set aside and reopen-

ed said final decree. It results as our conclusion that the demurrer to the bill as amended was properly sustained, and the decree of the court below is accordingly affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and SAYRE, JJ., concur.