(84 South. 270)

MARTIN et al. v. CAMERON.    (7 Div. 963.)

(Supreme Court of Alabama.   Oct. 20, 1919.
        Rehearing Denied Dec. 24, 1919.)

1. EQUITY ☞150(2)—BILL TO REMOVE GUARD-
IANSHIP OF NON COMPOS MENTIS TO CHAN-
CERY COURT, TO CANCEL A DEED, AND TO
REVOKE LETTERS OF GUARDIANSHIP, IS NOT
MULTIFARIOUS.

Equity had jurisdiction of a bill to remove
guardianship of a non compos mentis from
the probate to chancery court, to cancel deed,
and to revoke letters of guardianship, and a
bill praying for such relief is not multifari-
ous.

2. EQUITY ☞21—MAY ASSUME JURISDICTION
OF SETTLEMENT OF GUARDIANSHIP.

The probate court has jurisdiction of final
settlement of guardianship and, in the absence
of special equity, will retain jurisdiction to the
exclusion of chancery; but, where there is
special equity jurisdiction on account of the
elastic powers of the latter court not possess-
ed by the former, chancery will assume juris-
diction and remove the settlement from the
probate court into chancery.

3. APPEAL AND ERROR ☞931(3) — FINDING
PRESUMED IN SUPPORT OF DECREE.

Where there is no direct finding by chan-
cellor on a certain matter and the decree ren-
dered necessitated such a finding, it must be
presumed on appeal that there was such a
finding, in the absence of anything to the con-
trary.

4. DEEDS ☞188—INSANE PERSONS ☞38—
PLEADING ☞9—IN ACTION TO CANCEL DEED
OR REVOKE GUARDIANSHIP, UNNECESSARY TO
PLEAD SPECIFIC INTENT TO DEFRAUD INSANE
PERSON; ALLEGATION OF FRAUD UNNECES-
SARY WHERE FACTS ALLEGED SHOW FRAUD.

In an action in behalf of an insane person
to cancel a deed and revoke letters of guardian-
ship, it was not necessary to allege fraud in
so many words or allege and prove a specific
intent to defraud or cheat the insane person,
where the facts alleged and proved showed a
fraud in law.

5. PARTIES ☞25 — GUARDIAN AND GRANTEE
PROPERLY JOINED AS PARTIES DEFENDANT IN
BILL TO CANCEL DEED AND REVOKE LETTERS
OF GUARDIANSHIP.

Where it was alleged and shown that the
administration of estate of a non compos mentis
and a conveyance of land to a third person were
a part of common plan to obtain possession and
control of the ward's estate, the guardian and
the grantee were properly joined as parties de-
fendant, in an action by the next friend of the
non compos mentis to revoke letters of guard-
ianship and to cancel the deed.

6. INSANE PERSONS ☞67—NON COMPOS MEN-
TIS CANNOT RETAIN PURCHASE PRICE AND
AVOID SALE.

The estate of a non compos mentis will not
be allowed to retain the purchase price and
avoid a conveyance by the incompetent.

Appeal from Circuit Court, St. Clair Coun-
ty; O. A. Steele, Judge.

Bill by Lizzie E. Cameron, by next friend,
Mattie L. Butler, against R. A. Martin and
Florence Ellis, to remove the guardianship of
a non compos mentis from the probate to the
chancery court, to cancel a deed, and to re-
voke letters of guardianship. From a decree
granted, respondents appeal. Affirmed.

The case made by the bill is: That Lizzie
Cameron was of unsound mind and resided
with her mother in Pell City up to the time
of the death of her mother. That the said
Lizzie Cameron had from the time of her birth
to the present time been of unsound mind,
unable to do anything except a little domestic
work under the direction of her mother, and
was still of unsound mind at the time of the
filing of this bill. That, knowing this to be
a fact, her mother purchased certain land and
caused the deeds thereto to be executed to
the said Lizzie Cameron, erected dwelling
houses and other houses thereon, and main-
tained the same as a boarding house as a
support for her and Lizzie Cameron. That
immediately after Mrs. Cameron's death a
brother of Lizzie Cameron took possession of
said property, moved his family therein,
and conducted a boarding house, but did not
pay Lizzie Cameron any rent. That in 1915
Florence Ellis, a niece of Lizzie Cameron,
came to Pell City, and, although she knew
that Lizzie Cameron was of unsound mind
and incapacitated to any matter or character
of business, secured from Lizzie Cameron
what purported to be a power of attorney
authorizing and impowering Florence Ellis to
transact and settle all matters and business
pertaining to Lizzie Cameron and her said
property, and thereupon immediately took
said Lizzie Cameron from Pell City to Yo-
land, Ala., leaving John Cameron in possession
of the property. As soon thereafter as Flo-
rence Ellis personally and through John
Cameron commenced negotiations with R. A.
Martin for the sale of said property, where-
upon Mattie L. Butler, sister of Lizzie Cam-
eron, hearing of such negotiations, went to
said Martin, called his attention to the fact
that Lizzie Cameron was of unsound mind,
and requested him not to buy said property.
That in September, 1915, Mattie L. Butler
filed petition in the probate court for in-
sanity proceedings to test the sanity of said
Lizzie Cameron. That, the facts being sub-
mitted to a jury, they returned a verdict
finding her of unsound mind, and on October,
1915, she was adjudged to be of unsound
mind. That on September 24, 1915, a deed
was procured purporting to be signed by
Lizzie Cameron conveying said property to
R. A. Martin for the sum of $1,707.85, but
oratrix does not know whether such signature
was procured before the filing of the petition

to have the sanity of Lizzie Cameron passed upon and determined, but oratrix does know, and so states, that said petition had been filed and was pending before the said R. A. Martin paid any money on account of said deed to any person.

The bill charges the property to be worth a great deal more than the amount paid, and that R. A. Martin had full knowledge and notice that Lizzie Cameron was of unsound mind, incapable of transacting any business, and had no conception of the value of said property. The bill alleges, also, that the money was turned over to John Cameron and Florence Ellis. The bill also shows the appointment of Florence Ellis as the guardian, and her having qualified by making a bond of $3,000 upon a showing that the only property belonging to her ward's estate was $1,400 in cash. The bill then sets out other items of property belonging to the ward's estate, and charges a conspiracy between Florence Ellis and John Cameron to leave John Cameron in possession of the property other than that held by Florence Ellis, and a conspiracy between Florence Ellis and R. A. Martin to ratify and confirm the sale of said real estate to R. A. Martin. The prayer is to remove the guardianship from the probate to the chancery court, to cancel the deed from Cameron to Martin, and to discharge the guardian and appoint another.

Forney Johnston and W. R. Cocke, both of Birmingham, and Embry & Embry, of Pell City, for appellants. The motion to dismiss the appeal should not be granted. 201 Ala. 21, 75 South. 145; 175 Ala. 381, 57 South. 962, Ann. Cas. 1914D, 81; 196 Ala. 127, 72 South. 25; 196 Ala. 627, 72 South. 171; section 2884, Code 1907, as amended Acts 1911, p. 589. The remedy at law is adequate. Wilkinson v. Wilkinson, 129 Ala. 279, 30 South. 578; Boddie v. Bush, 136 Ala. 560, 33 South. 826; 131 Ala. 280, 31 South. 603; 185 Ala. 71, 64 South. 55; 180 Ala. 296, 60 South. 858. The bill was multifarious and contained a misjoinder of parties. 181 Ala. 163, 61 South. 302; 189 Ala. 241, 66 South. 448; 137 Ala. 532, 34 South. 609; 168 Ala. 398, 53 South. 260; 200 Ala. 70, 75 South. 398; 93 Ala. 273, 9 South. 379. The court was without jurisdiction to remove the cause. Sections 4345–4361, 4453–4457, Code 1907; 151 Ala. 194, 44 South. 62; 106 Ala. 404, 17 South. 620; 75 Ala. 495. The court was in error in finding appellee to be insane, within the meaning of section 3347, Code 1907, 36 Ala. 514; 28 Ala. 565; 201 Ala. 205, 77 South. 731. There must be an affirmative finding that Martin knew that appellee lacked mental capacity. 191 Ala. 142, 67 South. 992; 201 Ala. 28, 75 South. 150; 201 Ala. 293, 78 South. 69; 182 Ala. 97, 62 South. 36; 123 Ala. 439, 26 South. 290.

M. M. & Victor H. Smith, of Pell City, for appellee. It is now well settled that courts of equity have jurisdiction to set aside conveyances and do equity between the parties, where such conveyance is by a non compos mentis. Sections 3347–3348, Code 1907. The bill is not multifarious. 173 Ala. 142, 55 South. 781; 200 Ala. 187, 75 South. 935; 116 Ala. 494, 22 South. 863; 184 Ala. 227, 63 South. 159, 47 L. R. A. (N. S.) 543 n, Ann. Cas. 1915B, 672. No one except the misjoined party can object to the misjoinder. Sims Chancery Practice, 114; 12 Ala. 369. The suit was properly brought. 90 Ala. 458, 7 South. 830; section 3088, Code 1907. The bill was properly filed as a bill to remove administration. 147 Ala. 504, 41 South. 1010; 147 Ala. 554, 41 South. 784; 105 Ala. 464, 17 South. 89; 109 Ala. 490, 20 South. 40; Acts 1915, 738; 151 Ala. 194, 44 South. 62.

MAYFIELD, J. This is a bill, the primary purpose of which is to remove the administration of the estate of a person of unsound mind from the probate court of St. Clair county into the circuit court.

Before the statutes of 1915 (Laws 1915, p. 279), consolidating the chancery and law courts into the circuit courts, the bill would have been to remove the administration of the estate into the chancery court. Since these statutes, the removal, of course, must be into the circuit court.

The bill is filed by the next friend of the non compos mentis, and also seeks the removal of the guardian and the cancellation of a deed made by the non compos mentis to the respondent R. A. Martin. The guardian and Martin are the respondents to the bill.

[1] There can be no doubt as to the jurisdiction of equity as for each of the purposes, or to award all the relief prayed or granted, if the bill contains appropriate and sufficient averments and is supported by sufficient proof. Bills for those purposes are not multifarious. Cox v. Johnson, 80 Ala. 22; Voltz v. Voltz, 75 Ala. 555; Noble v. Moses, 74 Ala. 604. The chancery court has the undoubted jurisdiction in certain cases to remove settlements of estates of decedents from probate to chancery court where the remedy or relief would be inadequate in the probate court, and the removal may be had by the parties interested in the settlement without the allegation of any special equity. Dickens v. Dickens, 154 Ala. 440, 45 South. 630; Greenhood v. Greenhood, 143 Ala. 442, 39 South. 299.

[2] The probate court has jurisdiction of final settlement of guardianship and in the absence of special equity will retain jurisdiction to the exclusion of chancery; but, where there is special equity jurisdiction on account of the elastic powers of the latter court not possessed by the former, chancery will assume jurisdiction and remove the

settlement from the probate court into chancery. Spidle v. Blakeney, 151 Ala. 194, 44 South. 62.

The hearing was had on pleadings and proof, and relief given practically as prayed. The averments of the bill were sufficient against any ground of demurrer interposed thereto, and, if these averments were sustained, the relief prayed and awarded was proper.

Appellant was in error in supposing that the main purpose of the bill was to annul the deed made by the non compos mentis. The main equity was a removal of the administration into the chancery court, and the removal of the guardian, and the cancellation of the deed was merely incidental. As before stated, the averments of the bill, and proof, were ample to justify the removal into the chancery court.

[3] The case made by the bill and proof did not bring the case within the protection of section 3347 of the Code. The bill alleges, and the proof tended to show, that the grantee had notice of the mental unsoundness of the grantor when the deed was executed. While the evidence was not without adverse inferences as to the notice, yet the proof was nearly all taken ore tenus, and we are not willing to disturb the finding of the chancellor or judge on this subject. While it is possibly true there was no direct finding by the chancellor on this subject, the decree rendered necessitated such a finding, and we must presume such finding in the absence of anything to the contrary.

[4-6] While there is no allegation of fraud in so many words, yet facts are alleged, which, if true, show that the administration and conveyance were a fraud in law if not in fact, against the non compos mentis. It is not necessary that there should have been alleged and proven a specific intent to defraud or cheat the non compos mentis; that is, that there should be actual, as distinguished from legal, fraud. If the facts averred were true, they showed a fraud in law, which is sufficient without any specific intent to defraud. There was no misjoinder of parties. It is alleged, and the proof shows, that the administration of the estate of the ward and the conveyance to Martin were a part of a common plan of procedure to obtain possession and control of the ward's estate. The estate of the ward, including the purchase price paid for the deed, is, of course, under the control of the guardian and court, and not under the control of the ward or the next friend who filed this bill. The respondent, Martin, of course, could have protected himself by a cross-bill, seeking this relief against the present guardian and corespondent, or the succeeding guardian, if another one is appointed; and, as the administration is removed into the chancery court, may by a subsequent petition have the funds paid by him refunded. The ward's estate, of course, will not be allowed to retain the purchase price and avoid the sale and conveyance.

As the decree must be in all things affirmed, it is unnecessary to pass upon appellee's or appellants' motions as to dismissing the appeal, striking assignments of error, or securing new bonds.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.