(166 So. 140)

### GRAY v. UNION BANK & TRUST CO.
#### (3 Div. 702.)

(Supreme Court of Alabama. Oct. 22, 1925.)

**1. Guardian and ward ⬅➡67—Bill for removal of guardianship estate from probate to chancery court held to contain equity.**

Where purchase by complainant of estate of life tenant was for benefit of infant remaindermen, he was entitled to be reimbursed as far as possible from rent and income received by infants for money paid for such estate, taxes, and improvements prior to death of life tenant, though no legal liability existed on part of infants, and as probate court had no authority to make such allowance, *held*, that bill for removal of guardianship estate to chancery court contained equity.

**2. Descent and distribution ⬅➡119(1)—Claims against estate are paramount to claims or interests of heirs therein.**

Claims against decedent's estate are paramount to claims or interests of heirs therein.

Appeal from Circuit Court, Montgomery County; Walter B. Jones, Judge.

Bill in equity by T. J. Gray against the Union Bank & Trust Company, as guardian of James Edson Sellers and C. M. Sellers, Jr., and others. From a decree sustaining a demurrer to the bill, complainant appeals. Reversed and remanded.

The bill alleges that on January 19, 1919, Mamie G. Sellers died intestate, leaving as her heirs at law her husband, C. M. Sellers, and two minor children, James Edson Sellers and C. M. Sellers, Jr., and leaving an estate consisting of a plantation, certain city residential property and personal property of the approximate value of $2,800; that, under the law, the husband became entitled to one-half the personal property and to the use of the real property during his life, the minor children being entitled to one-half of the personalty and remainder interest in the realty; that said minors had no other property or estate. It is further alleged that the minors could not obtain support and education from their father; that the father expressed a desire to sell his interest in the estate of his wife for the benefit of the minors, and presented an opportunity whereby his interest in the real estate could be purchased for their benefit, and out of the income therefrom maintenance, education, and support could be secured for said minors; that complainant, an uncle of the minors, in an effort to assist them, loaned and advanced the sum of $1,370 to the estate of the minors for the purpose of purchasing the interest of C. M. Sellers in the realty of the estate of Mamie G. Sellers; that a contract with C. M. Sellers was entered into by complainant, on April 14, 1919, under the terms of which the interest of C. M. Sellers in the realty was purchased for the benefit of the minors; that at the time said agreement was entered into, and as a part of the same transaction, complainant executed to said minors a deed conveying to them the interest so acquired, but retaining to himself a vendor's lien for $1,370 and such amounts as he might advance under his contract with C. M. Sellers. It is alleged that certain sums were advanced by complainant for the benefit of the minors, including the payment of taxes, debts owed by Mamie G. Sellers at the time of her death, funeral expenses, etc., an itemized statement being exhibited with the bill; that a guardian was appointed for the minors, who immediately took charge of the city real estate and collected rents therefrom, while complainant took charge of the plantation, developed it as a stock farm, and purchased cattle to the amount of $1,600. It is averred that, as a matter of law, the minors are not bound by complainant's purchase of cattle for them, and that the court may elect for them whether they shall be bound by the purchase and charged therewith, or whether they shall disaffirm said purchase and leave complainant with the cattle and charge him with a reasonable rent for the use and occupation of the land; that the contract entered into between complainant and C. M. Sellers has resulted beneficially to the minors.

It is further alleged that C. M. Sellers died December 18, 1922; that the Union Bank & Trust Company was appointed guardian for said minors by the probate court of Montgomery county, where said guardianship estate is being administered; that the bank, as guardian, has asserted a right to the possession of all real property belonging to the estate of the minors, and that it is impossible for the parties to continue further performance of the contract between com-

---

plainant and C. M. Sellers; that complainant never intended and never derived any personal profit from said contract, but, on the contrary, has advanced a large sum of money, as set forth in statement exhibited with the bill, for the benefit of said minors; that the bank, as guardian, has denied the right of complainant to repayment of any part of the amounts so advanced by him, and asserts that it has no authority to recognize complainant's claim for reimbursement unless so directed by the court.

Finally, it is alleged that the probate court, where the guardianship is being administered, is without jurisdiction to elect for said minors with reference to the purchase of said cattle and to make allowances of the estate of the minors to complainant for moneys advanced by him and to allow him credit and reimbursement for various sums expended out of his own means to further the interests of the minors and to procure for them the life interest of their father in the property; that the intervention of the chancery court is necessary in the premises.

The prayer of the bill is that the guardianship estate be removed from the probate court to the chancery court; that the court elect for the minors as to the purchase of the cattle; that a reference be had by the register to ascertain the amount of disbursements, with interest thereon, made by complainant for the benefit of the minors; and that the necessary orders and decrees be made to reimburse complainant for the amounts expended and advanced by him.

Demurrer on behalf of the minors was interposed by the bank, as guardian. From the decree sustaining demurrer and holding the bill to be without equity, this appeal is prosecuted.

Hill, Hill, Whiting, Thomas & Rives, of Montgomery, and James S. Edson, of Miami, Fla., for appellant.

The bill contains equity. Bellamy v. Thornton, 103 Ala. 404, 15 So. 831; Spidle v. Blakeney, 151 Ala. 194, 44 So. 62; Goodman v. Winter, 64 Ala. 410, 38 Am. Rep. 13; Code 1923, §§ 5821, 8177. One who accepts the benefits of a transaction is estopped to deny the burdens. This applies alike to guardians and infants. Hobbs v. N., C. & St. L., 122 Ala. 609, 26 So. 139, 82 Am. St. Rep. 103; Fowler v. Ala. S. & I. Co., 164 Ala. 419, 51 So. 393; Coburn v. Coke, 193 Ala. 368, 69 So. 574. The chancery court is the general guardian of infants within its jurisdiction, and has authority to make elections for them. Goodman v. Winter, supra; 1 Lead. Cas. (Eq.) part 2, p. 1169; Walker v. Hallett, 1 Ala. 379; Jackson v. Putnam, 180 Ala. 39, 60 So. 61.

Walton H. Hill, of Montgomery, for appellee.

Counsel discusses the questions raised, but without citing authorities.

ANDERSON, C. J. [1] It is no doubt true that the purchase by the appellant of the life estate of C. M. Sellers in the land and the agreement made with him was for the benefit of the minor sons of Sellers and who were also nephews of the appellant. It is also manifest, from said transaction, including the contemporaneous conveyance of the real estate to said minors by the appellant, that he contemplated reimbursement by working the same out of the farm, and that it was not expected that the life tenant would die so shortly after the transaction, as well as by a retention of the vendor's lien upon the life estate. We fail to discover any legal liability from the minors to Gray for the amount so paid for the life estate or the taxes and improvements, personally or against their interest in the estate other than the life estate conveyed them by Gray, and the vendor's lien, if one existed as between these parties, expired with the termination of the life estate. As a matter of equity and good conscience, however, this appellant should be reimbursed as far as possible by the rent and income received by the minors or their guardian for them for the money paid C. M. Sellers for the life estate, the tax, and improvement on the house; that is, during the period between the making of the deed and the death of C. M. Sellers, the life tenant, a period of about three years. As the probate court has no authority to make this allowance, the bill in this particular contains equity, and, if the chancery court assumes jurisdiction for this purpose, there is no reason why it should not assume the control and settlement of the guardianship and of the estate of Mrs. Sellers, deceased, with the proper and necessary parties before it. Bellamy v. Thornton, 103 Ala. 404, 15 So. 831; Spidle v. Blakeney, 151 Ala. 194, 44 So. 62.

As to the cattle, that is an averment of which the appellee cannot complain as the bill concedes no liability to pay for same, unless the chancery court should deem the taking of same to the best interest of the minors, and offers to account for the use or rent of the land should the court not elect to take the cattle for the said minors, and in which last event the use or rent of the farm land should be credited on what is due the appellant.

[2] The bill sets up the payment of claims against Mrs. Sellers' estate and which are, of course, paramount to the claim or interest of the heirs, and which will no doubt be allowed upon proper proof and with an administrator before the court, or upon averment and proof that an administration is unnecessary.

The trial court erred in sustaining the demurrer to the bill, and the decree of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

SOMERVILLE, THOMAS, and BOULDIN, JJ., concur.