213 So.2d 383

John G. AIKIN et al.

v.

Herndon D. MURPHY et al.

I Div. 300.

Supreme Court of Alabama.

July 18, 1968.

Chason, Stone & Chason, Bay Minette, for appellants.

Jas. R. Owen, Bay Minette, for appellees.

LIVINGSTON, Chief Justice.

This appeal is from a decree of the Circuit Court of Baldwin County, Alabama, in Equity.

The complainants, Herndon D. Murphy, et al., filed a bill to quiet title in personam to the following-described land:

"From the Northwest corner of the Northeast Quarter of Section 3, Township 1 South, Range 2 East run South 2326.6 feet to a point; run thence East 125 feet to a point on the South side of a public road for a point or place of beginning; run thence South 39° East 600 feet; run thence South 50° West 208 feet 7 inches to a point; run thence North 39° West 115 feet; run thence North 51° West 112 feet run thence North 86° West 120 feet; run thence North 75° 30' West 93 feet; run thence North 47° West 172 feet 6 inches to a point on the West line of the said public road; run thence in a Northerly direction along the East line of the said road a distance of 426 feet, more or less, to the point or place of beginning containing four acres, more or less."

John G. Aikin and Clara Sill were made respondents to the bill of complaint. The bill alleged that the complainants were in peaceable possession of said land and that they owned the same; it further alleged that there was no suit pending to test the title to or possession of said land.

The respondents' answer to the bill of complaint disclaimed title to part of the land sued for and alleged ownership of a part or portion of said land (describing it) by virtue of the laws of descent and distribution. The answer admitted that the complainants were in the peaceable possession of said land and that no suit was pending to test the title to the same.

The decree of the trial court leaves much to be desired as to the theory upon which the decree is based. Be that as it may, the law is that where there is no direct finding by the chancellor on a certain matter and the decree rendered necessitated such a finding, it will be presumed on appeal that there was such a finding in the absence of anything to the contrary. Martin v. Cameron, 203 Ala. 548, 84 So. 270. There is, in our opinion, ample evidence in the record to sustain the finding that complainants acquired title to the property in dispute by adverse possession under color of title.

The evidence was heard by the trial court ore tenus. The well established rule is that on appeal where the evidence is so taken, a strong presumption is indulged in favor of the finding of the trial court, and his conclusions will not be disturbed unless clearly wrong and unjust. Lovelace v. McMillan, 265 Ala. 290, 90 So.2d 822; 2A Ala.Dig., Appeal & Error ☞931(1).

There were only two assignments of error. Assignment No. 1 asserts, in substance, that the trial court erred in rendering a decree in favor of the complainants. Assignment No. 2 asserts, in substance, that the trial court erred in not rendering a decree in favor of the respondents. These assignments raise the same question, i. e., the sufficiency of the evidence.

The complainants introduced certified copies of two deeds. One deed, dated October 31, 1905, purporting to convey a par-

cel of land from John E. McDavid to Emma B. McDavid, described the land as follows:

"House and lot in Section Three (3) Township One South, Range Two (2) East, bounded on the North by County Road, on the East by the Theis Place, on the South and West by lands owned by the heirs of John G. Aikin."

The second deed, dated December 25, 1922, from Emma B. McDavid, a widow, to Willie Mae Murphy, contained the same description as that of the first deed but with the recitation at the conclusion of the description that it is "the same lands conveyed to Emma B. McDavid by John E. McDavid." The grantee in the latter deed was the complainants' mother who died intestate about 1939, and who, according to testimony, had lived on and claimed to own the land in dispute up to the time of her death. Following the introduction of these documents as evidence of color of title, the complainants and their witnesses then testified to the effect that the land in question, above described, is the same land as that described in the bill of complaint. They further testified that this is the same land claimed by John E. McDavid, and subsequently by his widow, Emma B. McDavid, and later by Willie Mae McDavid Murphy, who died intestate about 1939, and which is presently claimed by the complainants, the descendants and heirs of Willie Mae Murphy.

Further testimony by the complainants and their witnesses tended to show that they have been, and are, in the peaceable possession of the property in dispute; that they own, and have owned, the property; and that they have exercised acts of ownership since the death of Willie Mae Murphy.

The respondents introduced in evidence documents purporting to be legal record title to the property in dispute, except to a portion thereof which they specifically disclaimed. In addition, the respondents gave testimony to the effect that the McDavids were allowed to occupy the lands in dispute by permission of their parents and four old-maid aunts of the respondents for use as a pasture.

Further testimony by respondents and their witnesses tended to show that the respondent Aikin had exercised acts of ownership on said property, such as executing certain lease arrangements, cutting timber thereon, and the like, beginning about the early 1950's. The evidence is, to say the least, conflicting.

The record is clear and borne out by the appellants' brief that the complainants made out a prima facie case supporting their claims to the property in dispute under color of title. There was testimony by complainants and their witnesses that, if believed, would clearly support the decree of the trial court. Such testimony included that of the witness Herndon D. Murphy who testified that he was born and reared on the property in question and remained on said property until he entered the armed forces in 1942. Mr. Murphy testified that various persons had occupied the property with his permission almost continuously up to the time of the filing of this suit, and that he had never heard of anyone claiming any part of the subject property (except Gaston Aikin, one of the respondents, ten years or less ago), and that no one, to his knowledge, during the last thirty-six (36) years had any possession of the property or any part thereof except his grandmother, Emma B. McDavid; his mother, Willie Mae Murphy; and the complainants. There was testimony by other witnesses for the complainants to the effect that they had been born and reared in the vicinity of the property in question; that no one, to their knowledge, other than the McDavids, and later the Murphys, had claimed ownership to the property, and that they had seen no existing evidence to support the contention of respondents that trees had been cut on the property in question.

Such evidence, and more, appearing in the record, if believed, which the trial

court must have believed, clearly is sufficient to support the decree of the lower court.

The decree of the trial court is affirmed.

Affirmed.

LAWSON, MERRILL and HARWOOD, JJ., concur.