246 So.2d 648

**Mary Cook MITCHELL**

v.

**Allen B. HARRIS et al.**

**3 Div. 392.**

Supreme Court of Alabama.

April 8, 1971.

Gray, Seay & Langford, Montgomery, for appellees.

Crenshaw & Waller, Montgomery, for appellant.

LAWSON, Justice.

Mrs. Mary Cook Mitchell was named in a will executed by Lewis Harris on October 14, 1963, as the devisee of his "house at 1016 Mill Street" in the City of Montgomery. We will refer to the "house at 1016 Mill Street" as the subject property.

On January 18, 1967, Lewis Harris signed a deed which was drafted for the purpose of conveying the subject property to one Allen B. Harris. On January 25, 1967, Lewis Harris signed another deed which was prepared for the purpose of correcting the description in the deed of January 18, 1967. We will refer to those two instruments as the Lewis Harris deed.

Allen Harris and wife, Orleatha, on February 6, 1967, deeded the subject property to Dr. S. Jefferson Underwood.

Lewis Harris died on March 6, 1967. His will, under date of October 14, 1963, was admitted to probate on July 31, 1967.

On August 18, 1967, Mrs. Mary Cook Mitchell filed suit in the Circuit Court of Montgomery County, in Equity, against Allen Harris and wife and against Dr. S. Jefferson Underwood.

Aside from the prayer for process and the prayer for general relief, the bill filed by Mrs. Mitchell prayed:

"* * * And Complainant prays that upon a hearing hereof, the Court will make and enter a Decree declaring the rights and obligations of the parties hereto, and will specifically decree:

"a. That said purported Deed from Lewis Harris to Allen B. Harris is null and void and of no effect, and should be cancelled on the records in the Office of the Judge of Probate of Montgomery County, Alabama.

"b. That since Allen B. Harris had no title, said deed or purported deed from Allen B. Harris and Orleatha Harris to S. Jefferson Underwood is null and void and should be cancelled on the records in the office of the Judge of Probate of Montgomery County, Alabama.

"c. Declaring that any funds obtained by Allen B. Harris from S. Jefferson Underwood were obtained as the result of a conspiracy to defraud and tracing said trust funds and establishing the rights and equities of the Complainant and the Respondent, S. Jefferson Underwood, and requiring said Respondents, Allen B. Harris and Orleatha Harris, to restore the status quo and to return to S. Jefferson Underwood all funds received by them from said Respondent, S. Jefferson Underwood for the deed or purported deed attached hereto as Exhibit One."

In the stating part of the bill, as here pertinent, it was averred that the Lewis Harris deed was null and void and of no effect because Lewis Harris "did not have the mental capacity to understand the effect of his actions" and because that deed "was obtained by fraud and undue influence of Allen B. Harris."

As to the respondent Dr. S. Jefferson Underwood, the stating part of the bill contained the following averment: "And Complainant avers that the Respondent, S. Jefferson Underwood, knew or should have known of sufficient facts to put him on inquiry as to the mental condition of Lewis Harris and as to the bona fides of Allen B. Harris."

Neither Allen nor Orleatha Harris made an appearance in the case and a decree pro confesso was rendered against them.

The respondent Dr. S. Jefferson Underwood filed an answer wherein he admitted that he received a deed to the subject property from Allen B. and Orleatha Harris, but denied the averments of the bill to the effect that the Lewis Harris deed was null and void and of no effect.

It was further averred in the answer of the respondent Dr. Underwood as follows:

"A. The Respondent in good faith purchased the real estate described in the Bill of Complaint, for the fair market value of said real estate and without notice of any defects, if there are any defects, in his grantor's ownership of the real estate.

"B. The Respondent since his purchase of said real estate, has constructed thereon a four-unit apartment building,

the fair market value of which is TWEN-TY-FIVE THOUSAND DOLLARS ($25,000.00); at the time Respondent purchased said real estate, the fair market value of same was less than FIVE THOUSAND DOLLARS ($5,000.00)."

Following a hearing wherein much of the testimony was taken ore tenus, the trial court decreed as follows:

"1. That the complainant have and recover of the respondents, Allen B. Harris and Orleatha Harris a judgment in the sum of $6,000.00, for which execution may issue.

"2. That the relief sought against respondent Underwood is hereby denied.

"3. That the costs be taxed against respondent Allen B. Harris, for which execution may issue."

From that decree the complainant below, Mrs. Mary Cook Mitchell, appealed to this court.

There are three assignments of error, the first of which reads:

"The Court Below erred in not setting aside and holding as null and void, the purported Deed from Lewis Harris to Allen B. Harris."

As we read the brief filed on behalf of appellant, it is not asserted therein that the trial court erred in not holding the Lewis Harris deed to be null and void. Appellant's brief does contain this language: "We submit that the Court below plainly erred in failing to set aside the deed from Lewis Harris to Allen Harris." The only case cited in support of that statement is Floyd v. Green, 238 Ala. 42, 188 So. 867, which is not authority for the proposition that a deed is null and void and of no effect where it is obtained "for a grossly inadequate consideration, by unfair advantage taken of great mental weakness, though not amounting to absolute incapacity of the grantor." In Floyd v. Green, *supra*, it is said:

" ' * * * In such case, the deed, *being voidable only, and not wholly void,* passes title to the grantee, and the heirs' claim to relief rests not on legal succession to the title, but on an equitable right to be invested with such succession. The relief appropriate to be afforded by the courts is by enforcing rescission of the contract of sale, and cancellation of the deed.' " (Emphasis supplied) 238 Ala. 45, 188 So. 869.

■ We hold that as to respondent below, Dr. Underwood, the appellee here, Assignment of Error No. 1 is inefficacious.

The two remaining assignments of error read:

"2. The Court Below erred in not setting aside the Deed from Allen B. Harris to the Respondent Underwood.

"3. The Court Below erred in its Final Decree denying relief against the Respondent Underwood."

■ It has long been the law of this state that a conveyance executed under duress is not voidable against a purchaser for value and without notice. Royal v. Goss, 154 Ala. 117, 45 So. 231; Moog v. Strang, 69 Ala. 98; Vancleave v. Wilson, 73 Ala. 387; Pratt Land & Improvement Co. v. McClain, 135 Ala. 452, 33 So. 185; Gilley v. Denman, 185 Ala. 561, 64 So. 97.

In Ely v. Pace, 139 Ala. 293, 35 So. 877, it is said:

"The rule as to a *bona fide* purchaser, often repeated in this state, is, 'that the party pleading it must first make satisfactory proof of purchase and payment. This is affirmative, defensive matter in the nature of confession and avoidance, and the burden of proving it rests on him who asserts it. *Ei incumbit probatio qui dicit.* This done, he need not go further, and prove he made such purchase and payment without notice. The burden here shifts, and if it be de-

**728**

sired to avoid the effect of such purchase and payment, it must be met with counter proof that, before the payment, the purchaser had actual or constructive notice of the equity or lien asserted, or of some fact or circumstance sufficient to put him on inquiry, which, if followed up, would discover the equity or incumbrance.' Hodges v. Winston, 94 Ala. [576], 578, 10 So. 535; Bynum v. Gold, 106 Ala. [427], 434, 17 So. 667." (139 Ala. 298, 35 So. 878.)

To like effect see Stone v. Lacy, 245 Ala. 521, 17 So.2d 865; Lightsey v. Stone, 255 Ala. 541, 52 So.2d 376.

Duress has been said to be a species of "fraud proper" and undue influence a species of constructive fraud. Noel v. Noel, 225 Ala. 302, 143 So. 469. But this distinction usually adverted to in connection with pleading questions does not operate to prevent the rule of the duress cases cited above from being applicable where the conveyance is executed as a result of undue influence.

So the question remains as to whether the evidence was sufficient to support a finding that the respondent, Dr. Underwood, was a purchaser of the subject property for value and without notice, actual or constructive, of facts which would justify a finding that the execution of the Lewis Harris deed resulted from the exercise of undue influence by Allen B. Harris over Lewis Harris.

Dr. Underwood paid Allen B. Harris the sum of $6,000 for the subject property, which the trial court found to be "the fair market value" of that property. Appellant finds no fault with that finding.

The trial court made no express finding as to "notice" by Dr. Underwood, but we think the language of the decree hereinafter quoted is tantamount to a finding that Dr. Underwood at the time he purchased the subject property for a fair and adequate consideration did not have actual or constructive notice of any defect in the title of his grantors. We quote:

"There is nothing in the evidence under all the circumstances to warrant granting the relief sought against respondent Underwood. Where a purchaser pays a fair and adequate consideration for real estate and in return secures a warranty deed, the burden is upon a third party to set the deed aside. *Such a burden requires sufficient evidence and such evidence cannot be found in this case * * *.*" (Emphasis supplied)

In view of the clear-cut issues in this case, we repeat that we think the quoted language, particularly that which we have italicized, shows that the trial court entertained the view that Dr. Underwood was an innocent purchaser for value without notice, actual or constructive, of any defect in the title of his grantors. The decree rendered necessitated such a finding and we must presume such finding in the absence of anything to the contrary. Martin v. Cameron, 203 Ala. 548, 84 So. 270; Aikin v. Murphy, 282 Ala. 538, 213 So.2d 383.

This court has said that where a finding of facts made by a trial court is based on testimony taken orally before the court, or partly so, such findings will not be disturbed on appeal unless palpably wrong. Mitchell v. Kinney, 242 Ala. 196, 5 So.2d 788; Aiken v. Barnes, 247 Ala. 657, 25 So.2d 849; Ingalls v. Ingalls, 257 Ala. 521, 59 So.2d 898.

We have read the record with care and see no reason to discuss in detail the evidence adduced on the issue of notice. Rowell v. McCollough, 270 Ala. 576, 120 So.2d 729. The evidence on that issue was in sharp conflict. As above pointed out, the testimony was taken ore tenus and under the applicable law of review, we cannot set aside the finding of fact made by the trial court when testimony is so taken

unless we conclude that it is palpably wrong. We cannot so conclude in this case.

█ The respondent, Dr. Underwood, had treated Lewis Harris approximately six months prior to the time the deeds were executed and in appellant's brief the case of Collins v. Erdmann, 122 Conn. 626, 191 A. 521, is cited in support of the following statement: "A physician occupies a confidential relation to a patient." We do not read the *Collins* case, *supra,* as holding that as a matter of law a confidential relationship exists between a physician and his patient. We quote from the *Collins* case: "Attending physicians are included among those assumed to have special opportunities for exerting influence."

In our case of Black v. Campbell, 217 Ala. 134, 115 So. 19, a conveyance by a patient to her physician was sought to be set aside on the ground that the conveyance resulted from undue influence exercised by the physician over the patient. After relating the circumstances surrounding the execution of the conveyance, we said:

"In these circumstances there is an absence of any of these technical relations from which the relation of trust and confidence is presumed by law to arise, and, if such relation existed, it was one of fact, and the burden of proving it rested upon the complainant, who asserted its existence. Nelson v. Brown (Brown v. Nelson), 164 Ala. 397, 51 So. 360. * * *" (217 Ala. 136, 115 So. 20.)

While we are not certain that we would have evaluated the testimony as did the trial court, we say again that we cannot say that his findings are palpably wrong. It follows, therefore, that the decree of the trial court is due to be affirmed. It is so ordered.

Affirmed.

HEFLIN, C. J., and MERRILL, HARWOOD and MADDOX, JJ., concur.

OF CASES DECIDED DURING THE PERIOD EMBRACED IN THIS
VOLUME, WHICH ARE ORDERED NOT TO BE
REPORTED IN FULL