### SYKES v. POTEET.

8 Div. 36.

Supreme Court of Alabama.

June 20, 1940.

Rehearing Denied Oct. 10, 1940.

Appeal from Circuit Court, Morgan County; W. W. Callahan, Judge.

E. W. Godbey, of Decatur, for appellant.
Newton B. Powell, of Decatur, for appellee.

FOSTER, Justice.

This is a suit in equity filed by appellant to satisfy a mortgage on land alleged to have been paid or to redeem if not fully paid. The court found and decreed that it was not fully paid, allowed certain credits, authorized its redemption, and ordered a foreclosure if not redeemed.

There is no trouble with the legal principles which have application, and there is no contention or disagreement as to them.

The court referred to the register the question of whether there was any balance due, and, if so, the amount of it. The register found and reported that the amount of the consideration recited in the mortgage should have two credits and upon that basis calculated the amount due at the time of his report. On exceptions, the court sustained the findings of the register, but corrected an error in the rate of interest so as to conform to the six per cent. statute, and decreed the amount due and necessary to be paid to effect redemption. From that decree complainant appeals.

The mortgage in question was executed December 9, 1915, by appellant and her husband. They owned and resided on the land on which there was an outstanding mortgage. The amount then due on it was $338. A new mortgage was given to appellee for $480.49. Appellant's husband died the next year, and she that year and each thereafter to and including 1928, obtained advances from appellee, and secured them with crop and stock mortgages. Appellant and her husband were negroes, and after his death she carried on the farm until she became very old,—each year paying the proceeds of her crop to appellee and taking up her chattel mortgages.

Appellee was a white farm woman, a widow, with a thrifty disposition, and kept a book of accounts in a crude way, such as might be expected under the circumstances. She apparently had no business establishment, but lived on a farm herself. She charged eight per cent. interest, though some of the items advanced were charged at a high price. But there is no serious contention as to usury.

Appellant has little recollection of the details of the mortgage on her land, though she remembers it and remembers executing it by mark, though she could write her name, but could not read. The testimony was given something like twenty years or more after the transaction. This bill was filed in 1930, something like fifteen years thereafter.

The evidence is not very satisfactory as to what makes the difference between $338 and $480.49, but appellee says it was money she then advanced her besides taking up the mortgage. The recital of the mortgage is prima facie true in that respect. The burden is on appellant who would vary its terms, and also who would show its payment. She has not met that burden. As to the amount of the debt

there is little satisfactory evidence on either side. The recitals of the mortgage therefore must stand as the authoritative statement of its consideration. No fraud or misrepresentation is shown.

Appellant and her husband first went to appellee soliciting her to take up and carry an outstanding mortgage debt on the land, then about to be foreclosed. During the subsequent years when she was dealing with appellee, who was also handling another mortgage which appellant executed on the land to her son for money he advanced for a definite purpose, she was applying the credits to the debt for current advances, and in 1919, there were two payments on the mortgage here in question, and at other times there were some credits on the mortgage to her son, not here directly involved. Their dealings throughout the years furnish a plausible explanation for inaction in respect to the land mortgage until those dealings terminated. Soon afterwards appellee is alleged to have begun foreclosure proceedings, thereby precipitating the filing of this suit in February, 1930, where it has lingered for ten years.

The contentions relate first to the difference between the sum of $338, advanced to take up the prior mortgage, which we have treated, and to the accounting and credits during the succeeding years, that is, whether there was enough paid to satisfy all claims against appellant, including the mortgage here in question.

The register on reference went into an elaborate hearing of evidence consisting of both the depositions of witnesses theretofore taken before a commissioner and of the testimony of witnesses given before the register. He found that only two credits were paid or were due to be applied on the mortgage as we have stated.

We have examined all the evidence before the register and court, and especially that noted on the exceptions. It is not necessary for us to retry the issue as an original inquiry by us. The report of the register has the value of the verdict of a jury based on evidence given before him. When so, it will not be disturbed if there is a reasonable doubt in our minds as to its correctness. Vaughan v. Smith, 69 Ala. 92; 8 Alabama Digest 599, Equity, ☞409.

The register doubtless did the best he could considering the evidence and documents before him, and the trial court upheld him in his findings. We will do likewise.

The decree is affirmed.

Affirmed.

GARDNER, C. J., and BOULDIN and LIVINGSTON, JJ., concur.